## INTERNATIONAL HARVESTER CO. OF AMERICA v. NEWBERRY. (No. 1832.)

Court of Civil Appeals of Texas. Beaumont. April 25, 1929.

.Rehearing Denied May 8, 1929.

Bryan, Colgin, Suhr & Bering, of Houston, for appellant.

W. Owen Dailey, of Houston, and Caswell G. Hallmark, of San Angelo, for appellee.

WALKER, J. This was a suit by appellant against appellee upon a promissory note for $996, given by appellee to Praeger Hardware Company and by it transferred to appellant. Also, as a part of its cause of action, appellant pleaded a mortgage given by appellee upon certain farm machinery to secure the payment of the note, and prayed for its foreclosure. Appellee pleaded, to quote from his brief: "The defendant answered the suit by pleas of failure of consideration; of failure of warranty of the machine in question; for recision of the contract; for damages, for the return of the money originally paid the agent of the plaintiff, alleging that the plaintiff had contracted, in writing, that the machine was guaranteed to do a satisfactory job of planting and cultivating; and judgment was rendered, upon motion of the defendant, for cancellation of the note and for the amount paid the plaintiff."

The note was given in part payment of the farm machinery described in the mortgage,

being one Farmall tractor, one Farmall cultivator, two Farmall planters, and one Farmall hitch. This sale was made on or about the 13th day of January, 1926, by the agents, G. H. Wagner representing appellant and J. R. Green representing Praeger Hardware Company. When the order was read to appellee and explained to him by Wagner, representing appellant, he was not willing to buy the machinery upon the printed warranty which was a part of the order, but agreed to buy, and signed the order only after Wagner, representing appellant in the sale, wrote into the order the following additional warranty: "We guarantee this tractor to do a satisfactory job of cultivating & planting or money refunded." The order contained the following, printed: · ·

"Warranty and Agreement.

"The Seller agrees to replace free (except for freight or express charges) any part which, with proper use, breaks or proves defective during the first ninety days after delivery, provided the defective part is promptly returned.

"The Purchaser agrees to give each machine a fair trial as soon as possible after receiving and within two days after the first use. If it then fails to work properly and prompt notice is given, the Seller will send a man within a reasonable time to put it in order, the Purchaser agreeing to render friendly assistance. If it still fails to work properly and the Purchaser promptly returns it to the Seller at the place where delivered, the Seller will refund the amount paid, which shall constitute a settlement in full. Retention of possession or continued use shall constitute an acceptance and satisfaction of warranty and further assistance rendered the Purchaser shall not be considered a waiver of this provision. The Purchaser agrees to pay the expense of remedying any trouble due to improper handling.

"No agent of the Seller has authority to alter, add to or waive the above warranties, which are agreed to be the only warranties given and in lieu of all implied warranties.

"The Seller agrees to deliver goods as ordered unless prevented by causes beyond his reasonable control.

"After delivery all goods shall be held and used at the Purchaser's risk and expense, but title, with right of repossession for default, is reserved to the Seller until the full purchase price has been paid in cash."

The machinery was delivered to appellee on his farm by Praeger Hardware Company, and upon its delivery on January 18, 1926, appellee executed and delivered the note and mortgage sued upon to Praeger Hardware Company. All the machinery described in the order was not delivered, but the tractor and enough of the other machinery was delivered to make the purchase price the $498 in cash, which was paid when the machinery was delivered, and the note sued upon. The following issues, raised by the pleadings and evidence, were submitted to the jury and answered as indicated:

Special issue No. 1: "Did J. M. Newberry give the tractor in question a reasonable and fair test in regard to planting and cultivating on his farm? Answer: He did."

Special issue No. 2: "Did the tractor and attachments in question do a reasonably satisfactory job of planting and cultivating the Newberry land? Answer: It did not."

Special issue No. 3: "Did the defendant promptly notify plaintiff that the tractor in question did not do satisfactory planting and cultivating? Answer: He did not."

Special issue No. 4: "To whom and in what manner did he give such notice?"

Special issue No. 5: "Did the defendant tender the tractor in question back to the plaintiff?"

Special issue No. 6: "Did the defendant tender back the tractor within a reasonable time?"

Special issue No. 7: "To whom and in what manner was such tender made?"

The jury, having answered question No. 3 in the negative, under the instructions of the court questions Nos. 4, 5, 6, and 7 were not answered.

Special issue No. 8: "Was Mr. Green an agent of the plaintiff for the purpose of receiving notice of the dissatisfaction, if any, of Newberry, and tender under the terms of the contract in April, 1926? Answer: He was not."

Special issue No. 9: "Did the defendant continue to use the tractor, planter or cultivator after he determined they were unsatisfactory? Answer: He did not."

Judgment was entered in favor of appellee upon the verdict of the jury, canceling the note sued upon, and for the $498 in cash paid when the machinery was delivered. Appellant has duly prosecuted its appeal from this judgment, and presents 13 propositions for reversal.

By its first, second, and third propositions, appellant asserts that the answer of appellee was subject to its general demurrer. These propositions are overruled without copying appellee's answer. Clearly, appellee pleaded the warranties relied upon and their breach.

■ By its fourth, fifth, eighth, eleventh, twelfth, and thirteenth propositions, appellant asserts that the evidence was insufficient to show a breach of the warranties sued upon. These propositions are discussed together and involve the following points: (a) Because the jury, in answering question No. 3, found that appellee did not promptly notify appellant that the tractor did not do satisfactory planting and cultivating, appellant asserts that, on the verdict of the jury, it should have had judgment upon its note and mortgage. This proposition cannot be sustained.

There was nothing in the contract requiring appellee to give any notice whatever to appellant. (b) Answering question No. 8, the jury found that Mr. Green was not the agent, in April, 1926, of appellant for the purpose of receiving notice of the dissatisfaction of appellee. This finding has no bearing upon any issue in the case. Appellee did not insist that Mr. Green was the agent of appellant, but the evidence was that he was the agent of Praeger Hardware Company, to whom notice was to be given. Appellee testified that he went to Mr. Green in April and told him of the trouble he had with the tractor, and that Mr. Green went out to his farm and inspected the tractor. (c) As appears from the warranty copied, supra, it was agreed that no agent of the seller had authority to alter, add to, or waive the warranties contained in the contract. Because of this condition of the contract appellant insists that the court committed error in receiving evidence of the additional warranty written into the contract by Wagner. This proposition is without merit. It was provided in the face of the contract that it was "subject to acceptance by dealer to whom order is addressed." After the addition was made by Wagner, it was submitted to Praeger Hardware Company and accepted by it. The issue was not one of changing the contract by the agent, but of effectuating the contract accepted by the principal. (d) In the order for the machinery, it was stipulated that it was to be delivered at the place of business of Praeger Hardware Company. However, the written warranty provided that it was to be returned "to the seller at the place where delivered." Praeger Hardware Company delivered the machinery to appellee on his farm. Appellee testified that he ceased using the machinery when he found that it was unsatisfactory, and notified Praeger Hardware Company, and stored the machinery for the Praeger Hardware Company on his farm, where it was delivered. This was a sufficient compliance with the warranty requiring the machinery to be returned to the seller at the place where delivered. It follows that appellant's fourth, fifth, eighth, eleventh, twelfth, and thirteenth propositions are without merit.

By its sixth proposition appellant asserts that it was an innocent purchaser of the note sued on. This proposition is overruled. Beyond doubt the note sued upon was a negotiable instrument, and appellant purchased it from Praeger Hardware Company for a valuable consideration and before its maturity. But it took the note with notice of the defenses relied upon. As already stated, the machinery was sold to appellee by the Praeger Hardware Company, but in this sale appellant was represented by one of its agents, who, in the discharge of his contractual duties to appellant, explained the whole transaction to appellee, made the change in the printed warranty at appellee's suggestion, and, in fact, agreed with appellee upon all the conditions of the contract under which the machinery was delivered. Though the sale was being made for the account of the Praeger Hardware Company, appellant was vitally interested in the sale, as it was to furnish the machinery to Praeger Hardware Company for delivery to appellee.

By its ninth and tenth propositions, appellant attacks question No. 2 and the jury's answer thereto. Appellant excepted to question No. 2 on the ground that it was too narrow in its scope "in that: (a) It inquired only as to the said tractor doing a satisfactory job of planting and cultivating, the undisputed evidence being that same was sold to appellee for use in plowing and breaking land, as well as cultivating and planting; and (b) the undisputed evidence being that it was sold to Newberry for use in plowing and cultivating black land and sandy loam."

These exceptions were properly overruled by the trial court. Question No. 2 carried to the jury the breach of the warranty written into the contract. Issues embodying appellant's exceptions would have extended this warranty beyond the intent of the parties. The warranty was that the tractor would do a satisfactory job of "cultivating & planting." A finding by the jury that the tractor did do a satisfactory job of plowing and breaking land, and of plowing and cultivating back land and sandy loam, would not have been responsive to the issue made by this warranty. Appellant did not except to this issue on the ground that, as worded, it was not raised by the evidence, nor does it complain of the answer thereto as being without support, but only that it was "contrary to the great and overwhelming weight of the evidence." It follows that the ninth and tenth propositions must be overruled.

We sustain appellant's seventh proposition complaining of the judgment against it in the sum of $498, being the cash payment upon the machinery at the time it was delivered. This money was not paid to appellant, but to the Praeger Hardware Company. Appellant was not a party to the contract, and was under no obligation to refund this sum of money. While its agent participated in the sale to appellee, it was for the purpose of inducing him to purchase from Praeger Hardware Company and not from it. The participation of its agent in the sale gave it notice of the conditions of the contract, but did not make it a party thereto.

It follows that the judgment of the trial court canceling the note and mortgage must be affirmed, but that the judgment against appellant in favor of appellee for $498 must be reversed, and judgment here rendered in appellant's favor on that issue. And it is accordingly so ordered.