No. 29,507.

THE EMERSON-BRANTINGHAM IMPLEMENT COMPANY, *Appellant,* v. THE BURLINGAME COÖPERATIVE ELEVATOR COMPANY, *Appellee.*

(293 Pac. 495.)

Opinion filed December 6, 1930.

*C. E. Freeman,* of Topeka, for the appellant.

*A. K. Stavely,* of Lyndon, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action on account for merchandise sold. The principal item on the account, and the only one here in con-

troversy, was for a plow. Defendant answered, in substance, that a named agent and salesman of plaintiff solicited defendant to purchase from plaintiff the plow in question; that defendant was interested in the plow and had a prospective purchaser therefor if the plow would cut a seven-inch furrow six feet in width when pulled by a Fordson tractor; that plaintiff's agent requested defendant to sign an order for the plow, but defendant refused for the reason that it did not desire to purchase the plow unless it would do the work as above stated; that the agent then informed defendant that plaintiff would not send the plow unless defendant signed an order therefor, but that he would write in the order the words "for demonstration," and if defendant would sign such order it might test the plow on arrival, and if it would not do the work desired the contract should not take effect, and plaintiff would take the plow back; that the agent did write the words "for demonstration" into the order, and that defendant, relying upon the agreement, did sign the same on the express condition that it was to have the right to test the plow before the order took effect, and that the same should not be binding on defendant unless the plow would do the work desired. The order was not to take effect until approved by plaintiff at its home office, or by its district manager. A copy of the contract and order for the plow, with the words "for demonstration" written therein, was attached to and made a part of the answer. It was alleged that the order shown as exhibit A expressly warranted the plow and attachments described therein to be well made, of good material, and would perform the work for which made, with proper use and management and under reasonable conditions. It is further averred that the plow was received, a proper test was made thereof under ordinary conditions, and that the plow could not be made to work properly; that proper notice of that fact was given to plaintiff, whose agent, by changing the discs on the plow, endeavored to get it to work satisfactorily, but that it did not do so, and after repeated unsuccessful efforts to get the plow to perform the work desired defendant requested instructions from plaintiff as to its desired disposition of the plow, but plaintiff made no response thereto. Plaintiff demurred to this answer. The demurrer was overruled, and plaintiff has appealed.

The sole question presented is whether the answer states a defense. Appellant stresses the provision in the written contract and

order, "No agent has power to change the warranty in any respect." This clause in the contract would not prevent one contemplating purchasing a plow from stating terms upon which he would make the purchase and having them embodied in the order. Defendant did this by having words fairly appropriate for its purpose written into the contract. This had to be approved by the home office or district manager, who could not ignore them, and insist, as plaintiff now does, that the contract should be construed as though the words had not been written therein. In no proper sense can it be said that the salesman of plaintiff made a different warranty than that provided in the written order, but rather that the district manager, or those in charge of the head office of plaintiff, did so by accepting the order "for demonstration."

Appellant calls attention to the provision of the contract which indicates that defendant is a dealer, and contends that the dealer must first resell the plow before the warranty provisions of the contract are effective. That is rather a strained construction of the contract. We see no reason why the warranty provision of the contract should not apply to any purchaser from plaintiff. But that is not the real question before us. The real question is whether the contract for the sale from plaintiff to defendant became effective at all. As pleaded by defendant, the order was made to receive the plow for demonstration only, and there was to be no sale to defendant unless the demonstration showed the plow capable of performing the work which defendant desired.

Appellant analyzes the words "for demonstration," and from this analysis reasons that the district manager, in sending the plow on an order containing those words, would not be apprised of the fact that a sale of the plow was not made unless the demonstration should prove satisfactory. It is argued that the contract was a contract for the sale of the plow notwithstanding the fact that it contained the words "for demonstration." That is entirely too narrow a view to take of this language. One might inquire of what use is a demonstration unless something is to turn upon its results? Obviously the words were placed there for some purpose. They cannot be ignored. If the district manager regarded them as containing any ambiguity he should have ascertained the meaning in which they were used before shipping the plow. The words are fairly susceptible of the meaning which defendant's answer alleges was

given to them at the time they were written into the contract. Given that meaning, the contract of sale did not take effect as a sale of the plow until the demonstration was made and it was shown that the plow would perform the work desired.

Appellant invokes the parol evidence rule and argues that parol evidence is incompetent to establish the meaning of the parties contemplated by the use of the words chosen. But defendant is not necessarily relying on parol evidence, nor relying upon it at all, unless the words "for demonstration" are ambiguous. It is relying upon the writing between the parties, which is binding upon plaintiff as well as upon defendant. If the language used is ambiguous it is not a violation of the parol evidence rule to show the sense in which it is used by the parties.

In some respects the facts in this case are like those in *International Harvester Co. v. Newberry,* 16 S. W. (2d), 871 (Tex. Civ. App.). That was an action on notes given as a part of the purchase price of a tractor, with attachments for planting and cultivating. When the printed order was read to the purchaser he was not willing to buy the machinery upon the warranty which was a part of the order, but was willing to buy only if there was written into the order: "We guarantee this tractor to do a satisfactory job of cultivating and planting or money refunded." As in this case, the sales agent had no authority to vary the terms of the written contract, and it had to be accepted at the home office or by the district manager. Respecting this it was said in the opinion:

"As appears from the warranty copied, *supra,* it was agreed that no agent of the seller had authority to alter, add to, or waive the warranties contained in the contract. Because of this condition of the contract appellant insists that the court committed error in receiving evidence of the additional warranty written into the contract by Wagner. This proposition is without merit. It was provided in the face of the contract that it was 'subject to acceptance by dealer to whom order is addressed.' After the addition was made by Wagner, it was submitted to Praeger Hardware Company and accepted by it. The issue was not one of changing the contract by the agent, but of effectuating the contract accepted by the principal." (p. 873.)

So here, when plaintiff's district manager accepted this contract he did so with the words "for demonstration" written in, and was bound to know that the contract for sale was contingent upon that language, which is susceptible of the meaning defendant alleges was given to it, that the sale was dependent upon the result of the demonstration. It was entirely proper for defendant to give the order

for the plow conditioned that it should become operative only upon the favorable results of the demonstration. (22 C. J. 1154.)

There was no error in the ruling of the court below, and its judgment is affirmed.