Skeet CHAMBLESS, Appellant,

v.

BARRY ROBINSON FARM SUPPLY, INC., and John Deere Company, Appellee.

No. 05–82–01164–CV.

Court of Appeals of Texas, Dallas.

Feb. 9, 1984.

Rehearing Denied March 20, 1984.

Rebecca Calabria, Kaufman, Ron L. Hundley, Livingston & Hundley, Dallas, for appellant.

Harold F. Curtis, Jr., Jack L. Paris, Jr., Greenville, George M. Kryder, III, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellee.

Before STOREY, VANCE and GUIL-LOT, JJ.

VANCE, Justice.

This is an appeal from a take nothing judgment following a directed verdict for

the appellees in a suit alleging a violation of the Texas Deceptive Trade Practices—Consumer Protection Act, TEX.BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon Supp.1982–1983). Appellant, Skeet Chambless, sued appellees, Barry Robinson Farm Supply, Inc. and John Deere, for deceptive trade practices in the sale of a new John Deere tractor. Chambless alleged that Robinson Farm Supply and John Deere had engaged in deceptive trade practices, unconscionable conduct, and had breached express or implied warranties, all actionable under section 17.50 of the Texas Deceptive Trade Practices Act (DTPA), because the tractor allegedly was not delivered as equipped when Chambless purchased it. Chambless based his theory of recovery in his suit against John Deere on an agency relationship between Robinson Farm Supply, a John Deere dealer, and John Deere. At the conclusion of Chambless' evidence the trial court directed verdicts in favor of both Robinson Farm Supply and John Deere. The court further held that Chambless' DTPA claims were groundless and submitted to the jury the issue of whether Chambless brought the action in bad faith and for the purpose of harassment. The jury found for the appellees and the court rendered judgment that Chambless take nothing, that Robinson Farm Supply recover $6,000 plus interest for attorney's fees, and that John Deere recover $3,750 plus interest for attorney's fees, as allowed under the DTPA in section 17.50(c).

Chambless asserts that the trial court: (1) erred in directing a verdict in favor of both Robinson Farm Supply and John Deere; (2) abused its discretion by denying his motion for continuance or by failing to allow a trial amendment to his pleadings; (3) abused its discretion in excluding the testimony of one of Chambless' expert witnesses; (4) erred in excluding testimony by Chambless as to the amount of damage resulting from his loss of crop, allegedly caused by appellee's misconduct; (5) erred in allowing certain testimony over his hearsay objections; (6) erred in entering a judgment for attorney's fees against Chambless because the findings that the suit was groundless and was brought in bad faith were either supported by no evidence or were against the great weight and preponderance of the evidence.

We hold that the court abused its discretion in refusing to permit Chambless to file a trial amendment to his pleadings and that the error in refusing to permit the filing of the amendment amounted to such a denial of Chambless' rights as to cause the rendition of an improper judgment for Robinson Farm Supply. We, therefore, reverse and remand the case, including the award of $6,000 attorney's fees, for a new trial. We hold that the trial court's error in refusing to permit the amendment did not cause the rendition of an improper judgment against John Deere and, furthermore uphold the findings of the trial court that the suit against John Deere was groundless. We hold, however, that there is no evidence to support the jury finding that the suit against John Deere was brought in bad faith and for purposes of harassment. Accordingly, we affirm the take nothing judgment against John Deere but reverse the award of $3,750 in attorney's fees to John Deere and render that John Deere take nothing for attorney's fees.

## TRIAL AMENDMENT

In point of error three, Chambless asserts that the trial court erred in refusing to permit him to amend his pleadings by trial amendment. We agree. On May 3, 1982, the trial court conducted a pre-trial hearing, at which time appellees urged the special exceptions included in their answers to Chambless' pleadings. The court sustained the exceptions and struck a number of passages from Chambless' pleadings. Chambless then moved to withdraw his announcement of ready, made previously, and requested a continuance in order to adequately amend his pleadings prior to trial. The motion for continuance was denied and trial began at 9:00 a.m. on May 4, 1982. On May 6, 1982, after presenting his evidence, Chambless moved for leave to file a trial amendment, at which time counsel for appellees objected on the basis that the

amendment was untimely. The trial court subsequently denied the motion and directed a verdict favoring appellees.

■ Application of TEX.R.CIV.P. 66 and 67, relating to amendment of pleadings during trial, is within the sound discretion of the trial judge; *American Produce & Vegetable Co. v. Campisi's Italian Restaurant*, 533 S.W.2d 380, 386 (Tex.Civ.App. —Tyler 1976, writ ref'd n.r.e.) (on motion for rehearing); nevertheless, such discretion is to be exercised liberally in favor of justice. *City of Houston v. Hagman*, 347 S.W.2d 355, 359 (Tex.Civ.App.—Houston 1961, writ ref'd n.r.e.); *Shaw v. Tyler Bank & Trust Co.*, 285 S.W.2d 782, 790 (Tex.Civ.App.—Texarkana 1955, writ ref'd n.r.e.). The court should allow an amendment if to do so will subserve the presentation of the merits of the action and the other party fails to satisfy the court that the amendment will prejudice him in maintaining his action or defense on the merits. *Vermillion v. Haynes*, 147 Tex. 359, 215 S.W.2d 605, 609 (1948). Here, the appellees, in their objection to the trial amendment, never claimed surprise or prejudice would result if the amendment was allowed. Rather, the appellees' only objection was that the amendment was untimely. An amendment may be allowed, however, even after the verdict and before judgment. *Shaw*, 285 S.W.2d at 790. We cannot say, therefore, that the requested trial amendment here was untimely. We conclude that the trial court abused its discretion in refusing to permit the filing of the trial amendment.

■ Nevertheless, even if the court erred in refusing to allow the amendment, the error is not reversible unless it amounted to such a denial of Chambless' rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *American Produce*, 533 S.W.2d at 386; TEX.R.CIV.P. 434. Therefore, we must now examine the directed verdict in order to determine if the court's refusal to allow the trial amendment to the pleadings probably caused the court to im-

properly enter a directed verdict against Chambless. We conclude that it did.

■ In suits to recover for deceptive trade practices, the standard for appellate review of a directed verdict in a defendant's favor is that, if there is any evidence in the record more than a scintilla, which, together with the inferences that could be reasonably drawn therefrom, raised an issue of fact whether there was a deceptive trade practice, the judgment cannot stand. In making this determination the appellate court should look only to the evidence tending to support plaintiff's position and should disregard any contrary evidence. *McNeill v. McDavid Ins. Agency*, 594 S.W.2d 198, 201 (Tex.Civ.App.—Fort Worth 1980, no writ). Acting under this standard, we must examine Chambless' pleadings and evidence to see if he raised issues of fact sufficient to establish a cause of action under the DTPA, thereby making improper the court's action in directing a verdict against him.

■ In order to establish a cause of action under the DTPA, a litigant must first establish that he is a consumer within the definition of section 17.45(4) of the DTPA. Section 17.45(4) defines a consumer as an individual, partnership, corporation, or governmental entity who seeks or acquires any goods or services by purchase or lease. Second, the suit must be concerned with either goods or services as defined in sections 17.45(1) and (2). A good is defined as tangible chattels or real property purchased or leased for use. Both these requirements are satisfied in this case, as the dispute concerned a John Deere 4440 tractor purchased by Chambless for use on his farm.

■ Once the plaintiff and the subject matter qualify for protection under the DTPA, an action may be maintained under section 17.50(a) if any of the following occurs *and* is the producing cause of actual damages: (1) the use or employment by any person of a false, misleading, or deceptive act or practice that is specifically enumerated in section 17.46(b) of the Act; (2) a

breach of an express or implied warranty; (3) any unconscionable action or course of action by any person; or (4) the use or employment by any person of any act or practice in violation of article 21.21 of the Texas Insurance Code.

Here, Chambless testified that a clevis which was on the tractor at the time he saw and purchased the tractor was subsequently removed by Robinson Farm Supply prior to delivery of the tractor to Chambless. This fact was undisputed at trial. We hold that, absent any representations (oral or written) to the contrary, by *displaying* the tractor with the clevis on it, Robinson *represented* that the clevis would be included in the sale of the tractor. Chambless testified at trial that he was never told that the clevis was optional equipment or that he would have to pay additional money in order to receive it and no evidence as to any such written representations was ever produced. Chambless further testified that Robinson Farm Supply never delivered the clevis to him prior to the commencement of this suit. We hold that, by displaying the tractor with the clevis on it at the time of sale and refusing to deliver the clevis along with the tractor after the sale, Robinson misrepresented to Chambless what particular style or model tractor Chambless would actually be receiving, and that this misrepresentation was a violation of the DTPA under section 17.-46(b)(7). Section 17.46(b)(7) prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. We recognize that this misrepresentation may not have been intentional; however, section 17.46(b)(7) does not require intent or knowledge before a violation may be found. *Jim Walter Homes, Inc. v. Mora*, 622 S.W.2d 878, 882 (Tex.Civ.App.—Corpus Christi 1981, no writ). We hold, therefore, that Chambless sufficiently raised an issue of fact as to whether Robinson's actions were in violation of section 17.46(b)(7). Here, we note that in Chambless' original petition there was no allegation of a violation of section 17.46(b)(7) and no pleading as to

any actual damages suffered as a result of appellee's actions, and, therefore, no cause of action was established. In the trial amendment which was refused by the court, however, Chambless specifically pleaded that the acts of Robinson Farm Supply, in failing to deliver the clevis when the tractor was delivered to Chambless, violated section 17.46(b)(7) of the DTPA and that Chambless suffered actual damage for the value of the clevis, which was $67.95. Thus, if the amendment had been allowed, as it should have been, Chambless would have pleaded and given evidence to support this cause of action.

As a final prerequisite to establishing a cause of action for damages under the DTPA, the consumer must give written notice to the defendant at least 30 days prior to filing suit, advising the defendant of the consumer's specific complaint. The defendant, upon receipt of the notice, may, within thirty days, tender a written offer of settlement to the consumer, and thereby avoid legal action. TEX.BUS. & COM. CODE ANN. § 17.50A (Vernon Supp.1982–1983). Here, the evidence at trial established that Chambless had sent Robinson Farm Supply adequate written notice of the complaint and that Barry Robinson, representing Robinson Farm Supply, *orally* offered to buy back the tractor from Chambless. No evidence, however, as to any written settlement offer was ever presented. Chambless has, therefore, successfully raised fact issues concerning this necessary element in his cause of action against Robinson Farm Supply.

Thus, all the necessary elements were sufficiently pleaded and established at trial to overcome any motion for directed verdict for Robinson Farm Supply, except for insufficient pleadings as to the violation of the specific section of the DTPA and the actual damages sustained as a result. In the attempted trial amendment, however, Chambless did sufficiently amend his pleadings to establish a cause of action and conform his pleadings to the evidence presented. We hold, therefore, that since

the court's error in refusing to permit the filing of the trial amendment probably caused the court's action in incorrectly directing a verdict against Chambless, in favor of Robinson Farm Supply, the error cannot be deemed harmless and, thus, must be reversible. Accordingly, the trial court's finding that the suit against Robinson Farm Supply was groundless was erroneous, and the jury's findings of bad faith and harassment, resulting in an award of $6,000 attorney's fees to Robinson Farm Supply must be reversed and remanded for a new trial because the DTPA only authorizes an award of attorney's fees to prevailing defendants.

■ We cannot say, however, that the court erred in directing a verdict against Chambless in favor of John Deere. Even if the trial amendment had been properly allowed, Chambless failed to establish at trial any agency relationship between John Deere and Robinson Farm Supply. The record shows only that Robinson Farm Supply was selling John Deere products, nothing more. Nothing else in the record indicates any agency relationship between Robinson Farm Supply and John Deere. No witnesses from John Deere, the alleged principal, were ever called, and nothing from Robinson's testimony, the alleged agent, establishes that any such relationship exists. Chambless' reliance on *New Holland Machine Co. v. Lewis,* 470 S.W.2d 234 (Tex.Civ.App.—Texarkana 1971, no writ) is misplaced. In *New Holland,* the plaintiff presented evidence that an agency relationship existed, including testimony from an employee of New Holland who testified that New Holland was the assignee of its dealer which had sold the equipment for the principal, and testimony by New Holland's credit manager who testified concerning the agency relationship between New Holland and its dealership. Here, no such testimony was ever offered. Chambless called no employees of John Deere as witnesses in order to establish any agency relationship. Furthermore, the language of the purchase order, upon which Chambless is relying to establish an agency relationship, reflects that Robinson Farm Supply sold the tractor directly to Chambless and not for the account of John Deere. The purchase order specifically states that "the dealer has no authority to make any representation or promise on behalf of John Deere...." We cannot see, therefore, how John Deere could be liable for any purported representation or conduct on the part of Robinson Farm Supply. Accordingly, we hold that because no evidence establishing an agency relationship between John Deere and Robinson Farm Supply appears in the record, the trial court correctly directed a verdict as a matter of law in favor of John Deere and, therefore, the court's error in refusing to allow the trial amendment did not cause or probably cause the rendition of an improper verdict. Thus, the error, as to John Deere, is harmless, and the take nothing judgment against John Deere is affirmed.

### ATTORNEY'S FEES

Chambless contends that the finding by the court that the suit against John Deere was groundless and the findings by the jury that it was brought in bad faith and for the purpose of harassment were either supported by no evidence, or, in the alternative, were against the great weight and preponderance of the evidence. He contends, therefore, that the award of $3,750 in attorney's fees in John Deere's favor was erroneous.

No evidence points must be sustained when the record discloses that the evidence offered to prove a vital fact is no more than a mere scintilla. The proper standard to apply in making this determination is that if reasonable minds cannot differ from the conclusion that the evidence lacks probative force it will be held to be the legal equivalent of no evidence. *Woods v. Townsend,* 144 Tex. 594, 192 S.W.2d 884, 886 (1946); *Joske v. Irvine,* 91 Tex. 574, 44 S.W. 1059, 1062–63 (1898). Furthermore, we must view the evidence in its most favorable light in support of the finding of the vital fact, considering only the evidence and inferences which support the finding

and rejecting the evidence and inferences which are contrary to the finding. *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696, 697–98 (1914).

Acting under this standard, we cannot say there is no evidence to support the court's finding that the suit against John Deere was groundless. As we have already discussed, the evidence completely fails to establish any agency relationship and, consequently, any cause of action against John Deere. Viewing the evidence in the light most favorable to the finding, we hold there was evidence of groundless and overrule this contention.

Upon review of the evidence concerning Chambless' bad faith toward John Deere in bringing the suit, we find only that: (1) Chambless failed to give adequate notice to John Deere as required under section 17.50A of the DTPA; (2) Chambless improperly pleaded for punitive damages against John Deere; (3) John Deere did not warrant a set of tractor tires upon which, among other things, Chambless brought this suit; and (4) the tractor which is at the center of the controversy was never unserviceable. Based upon this review, we hold that there is no evidence to support the jury's finding of bad faith by Chambless toward John Deere. There was no evidence presented at trial to establish malice on the part of Chambless toward John Deere. The evidence regarding malice or bad faith presented at trial dealt entirely with Chambless' actions against Robinson Farm Supply, not John Deere. The fact that the suit against John Deere was groundless does not per se establish bad faith. *Computer Business Services, Inc. v. West,* 627 S.W.2d 759, 761 (Tex.Civ.App. —Tyler 1981, writ ref'd n.r.e.). Accordingly, we hold that, as a matter of law, John Deere failed to establish bad faith, and thus, we reverse the $3750 award of attorney's fees and render that John Deere take nothing.

Our holding on the points of error previously discussed is dispositive of this appeal; therefore, we deem it unnecessary to further discuss Chambless' remaining points of error. Accordingly, judgment is reversed and remanded in part, affirmed in part, and reversed and rendered in part.