**Reversed and Rendered and Majority, Concurring, and Dissenting Opinions filed December 15, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-00344-CV

## RED ROOF INNS, INC., Appellant

## V.

## DONNA JOLLY AND JAMES GLICK, Appellees

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2008-47688**

## DISSENTING OPINION

The majority holds that the evidence is not legally sufficient to support the jury's finding that Red Roof Inns, Inc. (Red Roof) misrepresented to appellees Donna Jolly and James Glick that the motel was secure and thereby reverses the jury verdict and renders a take-nothing judgment on appellees' claims against Red Roof under the Texas Deceptive Trade Practices Act ("DTPA"). Because I believe the evidence is legally and factually sufficient to support the jury's finding of an implied misrepresentation, I respectfully dissent.

The DTPA prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce."[1] TEX. BUS. & COM. CODE ANN. § 17.46(a) (West 2011). Section 17.46(b) is a non-exclusive laundry list of prohibited "false, misleading, or deceptive acts or practices." *Id.* § 17.46(b); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 501 (Tex. 2001). Generally, an act or practice is false, misleading, or deceptive if it has the capacity to deceive an ignorant, unthinking, or credulous person. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 479–80 (Tex. 1995); *Daugherty v. Jacobs*, 187 S.W.3d 607, 614 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Any false, misleading, or deceptive act must also be relied upon by the consumer. TEX. BUS. & COM CODE ANN. § 17.50(a)(1)(B) (West 2011); *Daugherty*, 187 S.W.3d at 614.

The acts or practices upon which appellees based their DTPA claims were misrepresentation under 17.46(7)[2] or failure to disclose under 17.46(24). The majority correctly holds that the evidence is not legally sufficient to support a finding of an *express* misrepresentation. However, an *implied* representation may also constitute a laundry list violation under § 17.46(7) of the DTPA. *See Henderson v. Cent. Power & Light Co.*, 977 S.W.2d 439, 445 (Tex. App—Corpus Christi 1998, pet. denied) (holding that CPL's placement of seal and warning label on meter enclosure was implied representation that it owned and would maintain in safe condition everything within the enclosure); *see also Rickey v. Houston Health Club, Inc.*, 863 S.W.2d 148, 151 (Tex. App.—Texarkana 1993), *writ denied, improvidently granted*, 888 S.W.2d 812 (Tex. 1994) (per curiam) (reversing summary judgment in favor of the defendant health club on the plaintiff's DTPA claim that, where health club held the astroturf track out as a

---

[1] In this appeal, Red Roof does not challenge the consumer status, producing cause, or reliance elements of appellees' DTPA claim.

[2] Appellees correctly note that Red Roof has advanced no argument for reversing the jury verdict under *implied* misrepresentations of 17.46(7), in contrast to *express* misrepresentations of 17.46(7) and false or misleading acts or practices under 17.46(24). As the trial court submitted a joint question to the jury regarding subsections (7) misrepresentation and (24) failure to disclose, without objection, and 17.46(7) provides an independent basis for affirming, the jury's verdict should be upheld on 17.46(7). *See* TEX. R. APP. 38.1(i). For this reason alone, we should affirm the judgment of the lower court.

jogging track, it implied that the track was safe for jogging); *see also Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 898 (Tex. App.—Austin 1997, writ denied) (holding that, when car dealership took possession of vehicle to determine "trade-in" value, it made an implied representation that it would not sell the vehicle until the transaction was complete).

The majority rejects implied representations under the DTPA because neither this Court nor the Texas Supreme Court has specifically concluded that an actionable representation under the DTPA may be implied based solely upon a defendant's conduct. The absence of binding precedent is not, for me, the end of the analysis, particularly when (a) overturning a jury verdict, and (b) construing a statute that the Texas Supreme Court explicitly instructs should be liberally construed to further Texas' public policy "to protect consumers against false, misleading, and deceptive business practices [and] unconscionable actions." *Latham v. Castillo*, 972 S.W.2d 66, 68 (Tex. 1998) (citing TEX. BUS. & COM. CODE ANN. §17.44). Moreover, every Texas appellate court to consider whether an implied representation may constitute a DTPA violation has determined that it can. *See Lone Star Ford, Inc. v. McGlashan*, 681 S.W.2d 720, 724 (Tex. App.—Houston [1st Dist.] 1984, no writ) (1st Court of Appeals); *Apple Imports, Inc.*, 945 S.W.2d at 898 (3rd Court of Appeals); *Chambless v. Barry Robinson Farm Supply*, 667 S.W.2d 598, 602 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (5th Court of Appeals); *Rickey*, 863 S.W.2d at 151 (6th Court of Appeals); *Henderson*, 977 S.W.2d at 445 (13th Court of Appeals). This court should join its sister courts and recognize that practices that implicitly mislead Texans into consumer transactions are no less actionable under §17.46(7) than spoken words or silence.

I further dissent from the conclusion that there is insufficient evidence of an implied misrepresentation. The jury heard evidence that appellees had a security guard stationed in the lobby when Glick checked in and that appellees provided him with a "secure key." Glick noticed prior to checking in that there were apartments next door to

3

the hotel, and that made him uneasy. But because there was a guard on duty in the lobby, Glick "felt secure" and "a little bit more at ease that we had security on the premises." Similarly, having received a "secure key," Glick's "assumption was that all the perimeter doors were working correctly." This is sufficient evidence to support an implied misrepresentation.

The majority identifies some of this direct evidence proffered by appellees and then dismisses such evidence as giving rise to multiple inferences to be disregarded under the equal inference rule and *Mills v. Mest*, 94 S.W.3d 72, 75 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). This court has, however, previously held that the equal inference rule does not apply to direct evidence. *Wal-mart Stores, Inc. v. Redding*, 56 S.W.3d 141, 147 n.2 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). The jury heard neither meager nor circumstantial evidence of the existence of a security guard and the provision of a secure key. For example, we need not speculate from a badge left on the check-in counter that there was a security guard—it is uncontroverted that he was there. And, more importantly, we need not resort to an analysis of inferences to determine whether Glick reasonably relied upon the guard's presence as Red Roof does not challenge this element.

Instead, the proper analysis is to uphold the jury's determination that such *direct* evidence of the existence of a security guard at check in and the provision of a secure key gives rise to an implied representation that Red Roof employed full-time security measures against unauthorized access. *See, e.g.*, *Chambless*, 667 S.W.2d at 602 (holding that displaying tractor for sale with clevis device on it is evidence of an implied representation that the clevis is included with the sale). Where, as here, the evidence of a fact is neither circumstantial nor meager, we must yield to the jury's factual findings as supported by sufficient evidence even if the evidence would support a contrary finding.

4

*See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005) ("If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then jurors must be allowed to do so. A reviewing court cannot substitute its judgment for that of trier-of-fact, so long as the evidence falls within this zone of reasonable disagreement."). To permit the equal inference rule to supersede such deference to the factfinder simply because both conclusions would be supported *equally* in the evidence is to abandon the proper standard of review.

Finally, the concurring opinion concludes that there is insufficient evidence to infer that jewelry left on a nightstand would be secure from a daytime burglary. I agree. However, in light of the challenges made in this case, I believe such an "inference" or, more appropriately, implied representation is greater than necessary to affirm. The jury could reasonably conclude that Red Roof represented, by conduct, that the hotel provided special security measures to prevent unauthorized access to a room—measures not necessarily provided by other hotels. As previously mentioned, Red Roof does not challenge the causation or reliance elements of appellees' claim. Thus, we need not consider whether the broken lock on the external entrance or the absence of a full-time security guard was a contributing cause of the theft. We need not consider whether appellees' decision to place the jewelry on the nightstand was a sole proximate cause. We need not consider whether appellees acted reasonably in relying on a security guard or an access key as a representation of security of any kind. The evidence permits the jury to conclude, though we might not, that appellant's practice of providing the appearance of a security guard or an external locking entrance was deceptive in the impression it left with appellees.

5

Accordingly, I would hold the evidence is legally and factually sufficient to support the jury's finding that Red Roof violated the DTPA and address Red Roof's third issue on proportionate responsibility.[3]


/s/     Sharon McCally
        Justice


Panel consists of Justices Frost, Jamison, and McCally. (Frost, J., majority; Jamison, J., concurring).

---

[3] A holding that the evidence is legally and factually sufficient to support the jury's finding on misrepresentation of a good's standard, quality, or grade under section 17.46(b)(7) would mean that it would not be necessary for this court to address Red Roof's challenge to the sufficiency of the evidence to support the jury's finding on its failure to disclose under section 17.46(b)(24).