# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2021

Lyle W. Cayce
Clerk

No. 19-20412

Jake Anthony English,

*Plaintiff—Appellant*,

*versus*

Aramark Corporation; Aramark Correctional Services, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-1585

Before Haynes, Graves, and Willett, *Circuit Judges*.

Per Curiam:*

Proceeding pro se, Jake Anthony English, Texas prisoner # 01222980, appeals the district court's order denying his motion for continuance and granting summary judgment to Aramark Corporation and Aramark Correctional Services, L.L.C. (collectively, "Aramark") on his Texas

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20412

Deceptive Trade Practices Act (the "DTPA"), Tᴇх. Bᴜѕ. & Cᴏᴍ. Cᴏᴅᴇ Aɴɴ. §§ 17.41–.63, and fraud claims, and dismissing English's case with prejudice. We AFFIRM.[1]

## I.    Background

English wanted to buy shoes that he could safely wear in the shower. He purchased item number 8076 from the jail commissary, which was identified as "shower shoe V-Strap XL" (the "product") created by Aramark. The product was white in color with a spongy sole; a black rubber flexible strap was affixed to the sole of the shoe but was not permanently stationed in place.

The first time English used the product in the shower, the shoe "became lodged or stuck to the shower surface." English "attempted to dislodge the shoe by slightly moving [his] foot," but "the black rubber material popped through the hole in the sole of the shoe" and caused his foot to slip. English fell backwards onto the concrete surface, injuring his lower back and right hip.

English brought a personal injury lawsuit against Aramark in Texas state court, claiming that Aramark violated the DTPA § 17.46(b)(5), (7), (9), (24) and committed common law fraud.[2] Specifically,

---

[1] We also DENY English's motion to file a supplemental brief.

[2] English identified his fraud claim as "constructive" fraud. But it is clear that he raised a common law fraud claim. *See Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 810 (5th Cir. 2017) (holding that a plaintiff alleges a common law fraud claim so long as his pleading alleges facts upon which relief can be granted even if the claim "fails to categorize correctly the legal theory giving rise to the claim") (internal quotation marks and citation omitted)). English alleged that Aramark made a "false specific material representation" that it knew at the time of the representation and "induced" English to act on the false information, which English relied on and caused him injury. *Id.* (explaining that the elements of common law fraud are a false material misrepresentation that was either known to be false when made or was asserted without knowledge of its truth, that was intended to

No. 19-20412

English alleged that Aramark falsely represented and advertised the product on the commissary menu as a "shower shoe" that could be safe for use in the shower when the product was actually "thong sandals," as identified in the purchase order receipt and in the new kiosk system used for purchasing commissary items. English maintained that he would not have purchased the product had it been listed as "thong sandals" on the commissary menu. He sought damages for the injuries he suffered from his slip and fall.

Aramark removed the suit to federal district court under 28 U.S.C. § 1441(b) based on diversity jurisdiction under 28 U.S.C. § 1332(a). It then moved for summary judgment, arguing that there was no material misrepresentation. English responded and, at the same time, moved for continuance under Federal Rule of Civil Procedure 56(d)(1) and (2) to request discovery. The district court denied English's motion, holding that English failed to allege what discovery he intended to pursue or how discovery would raise a genuine issue of material fact. It also granted Aramark's summary judgment motion, holding that English failed to raise a genuine material fact issue on his claims, and dismissed the entire case with prejudice.

English moved to alter or amend the judgment under Rule 59(e). The district court summarily denied the motion. English timely appealed.

## II.    Discussion

The district court had jurisdiction in this case under 28 U.S.C. § 1332(a)(1).[3] We have jurisdiction over the district court's final decision

---

be acted upon, was relied upon, and caused injury). Indeed, Aramark implicitly acknowledges that English raised a common law fraud claim.

[3] We previously issued a non-dispositive opinion in this case, remanding the case to the district court to determine whether it had subject matter jurisdiction to consider the appeal. The case was remanded because Aramark had asserted jurisdiction based on

under 28 U.S.C. § 1291, which dismissed all of English's claims with prejudice.

English argues that the district court erred in denying his motion for continuance and granting Aramark's motion for summary judgment. We address each in turn.

## A.    Motion for Continuance

English argues that the district court erred in denying his motion for continuance to conduct discovery prior to ruling on Aramark's summary judgment motion. We review a district court's denial of a motion for continuance for abuse of discretion. *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007). To justify continuance, the movant must demonstrate (1) "why the movant needs additional discovery" and (2) "how the additional discovery will likely create a genuine issue of material fact." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 535 (5th Cir. 1999).

English moved for continuance the same day he filed his response to Aramark's motion for summary judgment, in which he had argued that the evidence showed a genuine material fact dispute regarding whether the product was misrepresented as a "shower shoe." English's motion for continuance did not provide what additional discovery he thought was required to defeat Aramark's motion for summary judgment on the material misrepresentation claims. In fact, English believed he had enough evidence already, asserting that "the evidence undisputedly show[s] that defendant made a material misrepresentation of its product." So it is unclear what

diversity of citizenship but failed to correctly assert the citizenship of Aramark Correctional Services, L.L.C. The district court concluded that diversity jurisdiction exists, and the case was returned to us for disposition. Neither party takes issue with the district court's conclusions on jurisdiction. We affirm the district court's finding of jurisdiction.

discovery English needed to rebut Aramark's summary judgment motion on the material misrepresentation claims.[4]  We thus hold that the district court did not abuse its discretion in denying English's motion for continuance on those claims.[5]

## B.    Motion for Summary Judgment

English argues that the district court erred in granting Aramark's motion for summary judgment on his DTPA and common law fraud claims.[6]

We review a district court's grant of summary judgment de novo and apply the same standard as the district court. *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).  In so doing, "[w]e view all facts and evidence in the light most favorable to the non-moving party." *Id.*  Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

To defeat summary judgment on a DTPA claim, the plaintiff must raise a material factual dispute that (1) he is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts, as enumerated in DTPA

---

[4] In his brief on appeal, English speculates what evidence he could have found if permitted to conduct discovery, but such information was not presented to the district court, so we do not consider it.  *See Stearns*, 170 F.3d at 535 (holding that we do not consider justifications for granting a continuance if they were not presented with the original motion).

[5] Accordingly, we deny English's motion to file a supplemental brief, which seeks to cite additional authorities for his argument that the district court erred in denying his motion for continuance.

[6] In arguing that the district court erred, English claims that Aramark's affidavit by Glenn Stepherson, the Commissary Manager at Aramark, was defective.  Because the district court's decision did not rely on the affidavit and because we do not rely on it either, we do not consider whether the affidavit was defective.

§ 17.46(b); and (3) these acts constituted a producing cause of the consumer's damages. *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing TEX. BUS. & COM. CODE ANN. § 17.50(a)(1)). English brought DTPA claims under § 17.46(b)(5), (7), (9), which require a material misrepresentation, and under § 17.46(b)(24), which requires a failure to disclose. *See Gill v. Boyd Distrib. Ctr.*, 64 S.W.3d 601, 604 (Tex. App.—Texarkana 2001, pet. denied) (acknowledging that § 17.46(b)(5) and (7) require misrepresentation and a § 17.46(b)(24) claim requires a failure to disclose); *Perez v. Hung Kien Luu*, 244 S.W.3d 444, 447–48 (Tex. App.—Eastland 2007, no pet.) (noting that a § 17.46(b)(9) claim requires a misrepresentation). However, English's material misrepresentation claims and failure-to-disclose claim are essentially one and the same: English alleged that Aramark materially misrepresented the "thong sandals" as a "shower shoe" and therefore failed to disclose that the product was in fact "thong sandals." We therefore consider them as one.[7]

For a common law fraud claim under Texas law, the plaintiff must raise a genuine material fact dispute that the defendant made "(1) a material misrepresentation that (2) was false (3) was either known to be false when made or was asserted without knowledge of its truth (4) was intended to be relied upon (5) was relied upon and (6) caused injury." *Jacked Up, L.L.C. v.*

---

[7] Accordingly, we conclude that English's failure-to-disclose claim was sufficiently addressed in district court, even though Aramark did not expressly move for summary judgment on the failure-to-disclose claim and the district court did not expressly rule on it. Indeed, in its motion for summary judgment, Aramark stated it had trouble deciphering all of English's claims and sought broad relief on all of English's claims. After English responded to the motion by rearticulating his failure-to-disclose claim, Aramark replied that its arguments for why there lacked a genuine issue of material fact on the material misrepresentation claims also applied to English's failure-to-disclose claim.

*Sara Lee Corp.*, 854 F.3d 797, 810 (5th Cir. 2017) (internal quotation marks and citation omitted).

In sum, at the summary judgment stage, English must raise a genuine material fact issue on Aramark's material misrepresentation of the product. He failed to do this.

English alleged one material misrepresentation: that the product was materially misrepresented as a "shower shoe" that could be safe for use in the shower.[8]  To be sure, in listing the product as a "shower shoe," Aramark impliedly represented that the product was safe to use in the shower.  *See Ricky v. Hous. Health Club, Inc.*, 863 S.W.2d 148, 151–52 (Tex. App.—Texarkana 1993, writ denied) (recognizing that by stating that a track was a "jogging" track, the defendant impliedly represented that the track was safe for jogging).

English did not, however, allege why the product, as "thong sandals," was not safe to use in the shower.  *Cf. id.* at 149 (noting allegations that the jogging track covered in astroturf was not safe for jogging due to certain characteristics of the astroturf); *see also Martin v. Home Depot U.S.A., Inc.*,

---

[8] Because English's fraud claim relied on the same allegedly material misrepresentation, we hold that the district court did not err in ruling on English's fraud claim sua sponte.  Although Aramark did not move for summary judgment on English's fraud claim, the motion put English on notice that English needed to come forward with all of his evidence on why Aramark made a false misrepresentation, a necessary element for a fraud claim.  *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (acknowledging that a district court may grant summary judgment sua sponte so long as the losing party had notice that he had to come forward with all of his evidence); *Cohen v. Univ. of Tex. Health Sci. Ctr.*, 557 F. App'x 273, 278 & n.5 (5th Cir. 2014) (per curiam) (holding that the district court did not err in sua sponte granting summary judgment on employment retaliation claims when the defendant moved for summary judgment on only the employment discrimination claim because both claims rested on the same elements and therefore the plaintiff had sufficient notice to respond); *see also Jacked Up*, 854 F.3d at 810 (explaining that a fraud claim requires a false misrepresentation).

369 F. Supp. 2d 887, 894 (W.D. Tex. 2005) (granting summary judgment to the defendant on a DTPA misrepresentation claim because plaintiffs failed to state that the defendant represented that the item had characteristics, uses, or benefits which it did not possess); *Shkolnick v. Coastal Fumigators, Inc.*, 186 S.W.3d 100, 106 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that plaintiffs failed to raise a genuine material fact issue that defendants misrepresented that their inspection services were in accordance with industry standards because plaintiffs failed to identify an industry standard that was not met).

In other words, English did not allege, nor offer any argument on, what qualities are required for a shoe to actually serve as a "shower shoe" and why "thong sandals" does not meet that standard. He alleged and argued only that "the word 'thong sandal' does not imply . . . that the product was adequate to be worn in a shower," as evident by the fact that the product "became lodged or stuck to the shower surface" and that in attempting to dislodge the shoe, his foot slipped, and he fell. But English failed to explain why an actual shower shoe would not get "lodged or stuck to the shower surface," nor why his injury specifically occurred because he was in a "shower environment." That is, English failed to raise a fact issue that demonstrates the significance of a shower shoe and how a true shower shoe would have prevented his injury.

Accordingly, we hold that English failed to demonstrate a genuine material factual dispute that Aramark materially misrepresented the product as a "shower shoe."

### III.    Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of English's motion for continuance and its grant of summary judgment to Aramark. We DENY English's motion to file a supplemental brief.