Joseph H. **MILLS** and Rachel Humphries, Individually and as Heirs of the Estate of Georgia Ann Mills, Appellants,

v.

Henry H. **MEST** (Deceased), The Estate of Henry H. Mest, H. Richard Mest, Christine Elizabeth Mest, Brian Richard Mest, William Ashley Tree, Henry H. Mest, Inc., Mestco Distribution, Inc. and Mestco Plumbing Distribution, Inc., Appellees.

No. 14–01–00229–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 29, 2002.

Rehearing Overruled Sept. 26, 2002.

David W. Showalter, Bellaire, for Appellants.

Douglas Chilton, Texas City, for Appellees.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

**OPINION**

SCOTT BRISTER, Chief Justice.

In May of 1986, Henry Mest (age 74) and Ann Mills (a few years younger) began living together. They were ceremonially married in 1995. Ann died in 1997; Henry died three months later, leaving an estate worth several million dollars. In the ensuing probate proceedings, Ann's children (appellants Joseph H. Mills and Rachel Humphries) alleged a common-law marriage dating back to 1986, while Henry's son and grandchildren (appellees Richard Mest, Christine Mest, and Brian Mest) dated the marriage (and thus the inception of community property) from the ceremony in 1995. The jury found a common-law marriage beginning in 1986. The trial court granted judgment notwithstanding the verdict, which forms the basis of appellants' single issue in this appeal.

 In Texas, common-law marriage requires proof of (1) an agreement to be married, followed by (2) cohabitation and (3) representations to others. TEX. FAM. CODE § 2.401(a)(2). The parties here agree cohabitation was present from 1986, but disagree when the other two began. The trial court's judgment notwithstanding the verdict is correct only if there was no evidence of one of them. *Brown v. Bank of Galveston, Nat'l Ass'n,* 963 S.W.2d 511, 513 (Tex.1998). We review only the evidence supporting the jury's verdict and disregard all evidence and inferences to the contrary. *Id.*[1]

---

1. There was considerable evidence contrary to the jury's verdict. Both Henry and Ann listed themselves as single in all income tax returns and records they filed (even after their ceremonial marriage). During several of Henry's hospitalizations, both listed Ann as a friend rather than spouse. In a 1988 will, Henry appointed his son Richard and his "friend" Ann as executors.

But if the trial court believed such evidence greatly outweighed proof of a marriage from 1986, the proper remedy was a new trial. *See Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 413 (Tex.1998) (Gonzalez, J., concurring) (stating that if only viable issue was factual insufficiency, new trial rather than judgment notwithstanding the verdict was appropriate). On appeal, Henry's heirs could request the same remedy only by filing a cross-appeal,

■ There was no direct proof of either of the two disputed elements in this case. No testimony or documents evidenced an agreement to be married before the ceremonial marriage took place in 1995. Nor was there any direct evidence of earlier representations to the community—apparently Henry never introduced Ann as his wife, and only one witness recalled Ann introducing Henry as her husband (in 1992, six years after the jury found the marriage began). This is not enough. *See Ex parte Threet,* 160 Tex. 482, 333 S.W.2d 361, 364 (1960) (holding that two references to claimant as spouse were insufficient); *Winfield v. Renfro,* 821 S.W.2d 640, 651 (Tex. App.-Houston [1st Dist.] 1991, writ denied) (same); *see also Lee v. Lee,* 981 S.W.2d 903, 907 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (requiring representations to public by both parties to establish common-law marriage).

Instead, appellants rely on circumstantial evidence, pointing out that several friends and neighbors testified they considered the two to be married because they lived together and held hands, showed affection, and "did everything together." Appellants also point to testimony that Henry and Ann took care of each other during sicknesses.

It is true an agreement to be married may be established by circumstantial evidence. *Russell v. Russell,* 865 S.W.2d 929, 933 (Tex.1993). But stating the level of circumstantial evidence required is more difficult. In *Russell,* the supreme court

considered the legislature's repeal in 1989 of a provision allowing agreement to be inferred from cohabitation and representations.[2] The court held that the repeal did not bar use of circumstantial evidence, but did require such evidence to be "more convincing" than before:

> If evidence of an express agreement to marry is not offered, the fact finder will have to treat the facts of cohabitation and holding-out as circumstantial evidence of the agreement in order to find a tacit agreement to be married. This process is, however, virtually identical to the prior process of inference. But by repealing the provision authorizing the fact-finder to infer an agreement from proof of two elements of an informal marriage, the legislature has not excluded a finding of a tacit agreement to be married. In making such a finding, however, it seems that the evidence of holding-out must be more convincing than before the 1989 agreement.

*Id.* at 932. In dissent, Justice Gonzalez argued that without any further guidance, the courts of appeals were relegated to a "blind guess" about what level of proof was required. *Id.* at 937 (Gonzalez, J., dissenting).

■ We believe that level of proof has not been met in this case. The equal inference rule prohibits a jury from inferring an ultimate fact from meager circumstantial evidence that could give rise to any number of inferences, none more probable than another. *Lozano v. Lozano,* 52

which they failed to do. *See* Tex.R.App. P. 38.2(b).

2. Prior to the 1989 amendment, section 1.91 of the Texas Family Code provided that "(b) ... [T]he agreement of the parties to marry may be inferred if it is proved that they lived together as husband and wife and represented to others that they were married." Act of May 31, 1969, 61st Leg., R.S., ch. 888, § 1, 1969 Tex. Gen. Laws 2707, 2717, *amended by*

Act of May 29, 1989, 71st Leg., R.S., ch. 369, § 9, 1989 Tex. Gen. Laws 1458, 1461. Following the 1989 amendment, section 1.91 provided that "(a) the marriage ... may be proved by evidence that: ... (2) the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." *Id.*

S.W.3d 141, 148 (Tex.2001); *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 938 (Tex.1998) (holding evidence of dirt in macaroni salad was no evidence it had been on floor long enough to charge store with knowledge). In this case, the affection and companionship observed by neighbors was just as consistent (indeed, cynics might say more) with courtship leading up to ceremonial marriage as it was with a common-law marriage or a close non-marriage relationship. The witnesses' testimony that Henry and Ann "seemed like" a married couple is indistinguishable from customers' testimony that macaroni salad "seemed like it had been there awhile," a conclusion the supreme court held was "mere speculative, subjective opinion of no evidentiary value." *Wal–Mart,* 968 S.W.2d at 937–38.

Similarly, the circumstantial evidence appellants allege shows representation (or "holding out") is just as consistent with other relationships. Representations may be shown by conduct rather than spoken words. *See Lee,* 981 S.W.2d at 906. But inherent in the concept is behavior intended as a communication to third parties, not just intimate behavior in general. *Compare id.* at 907 (finding no evidence of common-law marriage when spouse kept it secret, even though her customers and friends began treating her as married) *with Winfield,* 821 S.W.2d at 649 (holding hotel registration and mailbox listing was some evidence of representation to public). We believe the *Russell* court's requirement of "more convincing" circumstantial proof calls for something more than was shown in this case. *See Russell,* 865 S.W.2d at 932.

We hold the evidence of a common-law marriage was legally insufficient, and thus the trial court did not err in setting aside the jury's verdict. Appellants' point of error is overruled, and the judgment is affirmed.