Affirmed and Memorandum Opinion filed October 19, 2004









Affirmed and Memorandum Opinion filed October 19,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01283-CV

____________

 

LASANA MARENA, Appellant

 

V.

 

MARGARET GEORGE, Appellee

 



 

On Appeal from the 328th
District Court

Fort Bend County, Texas

Trial Court Cause No. 01CV117016

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Lasana Marena, appeals a final
decree of divorce.  Marena asserts the
trial court abused its discretion in finding that a common law marriage existed
between him and appellee, Margaret George. 
George filed a petition seeking divorce from Marena, in which she
alleged they were married on August 30, 1994. 
Marena maintained that he and George were never married.  The case was tried before the associate
judge.  Although the parties waived their
right to Aa record of the testimony,@ the trial
proceedings were recordedCone part stenographically, and the other
part electronically.  








The reporter=s record filed
with this court, therefore, consists of the court reporter=s transcription of
the stenographically recorded portion of the trial and certified copies of
tapes of the electronically recorded portion. 
When trial proceedings are electronically recorded, it is the appellant=s burden to have
the portions relevant to the issues in his appeal transcribed and filed in the
appellate court as an appendix to his brief. 
Tex. R. App. P.
38.5(a)(1).  Marena has not filed with
this court an appendix of the electronically recorded portions of the trial
relevant to his issue on appeal.  

Marena=s sole issue in
this appeal is whether the trial court abused its discretion in finding that a
common law marriage existed between him and George because the evidence did not
support the finding, i.e., (1) an agreement to be married; (2) living
together in Texas as husband and wife subsequent to the agreement to be
married; and (3) representing to others in Texas that they are married.  Tex.
Fam. Code Ann. ' 2.401(a)(2) (Vernon 1998); Mills v.
Mest, 94 S.W.3d 72, 73 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied).  Such an
inquiry necessarily requires a review of the record.  However, we are not required to review any
part of the electronic recording.  Tex. R. App. P. 38.5(b).  In the absence of a transcription of the
electronically recorded portion of the trial, we cannot determine whether the
trial court abused its discretion in finding that a common law marriage
existed, and will presume the omitted portion is relevant and supports the
trial court=s judgment.  See id.; Bryant v. United Shortline
Inc. Assur. Servs., N.A., 972 S.W.2d 26, 31 (Tex. 1998); In re J.A.G.,
18 S.W.3d 772, 773 (Tex. App.CSan Antonio 2000,
no pet.).  

Marena=s sole contention
is overruled, and the trial court=s judgment is
affirmed.

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed October 19, 2004.

Panel
consists of Justices Anderson, Hudson, and Frost.