Affirmed and Memorandum Opinion filed February 15, 2005









Affirmed and Memorandum Opinion filed February 15,
2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00078-CV

_______________

 

JESSE WOODARD, Appellant

 

V.

 

KATHY LYNN WLECZYK,
Appellee

__________________________________________________________________

 

On Appeal from the County
Court at Law No. 3 & Probate Court

Brazoria County, Texas

Trial Court Cause No. 26,362

__________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant
Jesse Woodard appeals the jury=s finding that a common-law marriage existed between his
deceased son and appellee, Kathy Lynn Wleczyk, claiming that the evidence is
legally and factually insufficient to support the jury=s verdict.  We affirm.








I. 
Factual and Procedural Background

William
Woodard died intestate in December 2002. 
Jesse Woodard, William=s father, applied to be appointed the administrator of
William=s estate.  Kathy Lynn Wleczyk filed an application to
determine heirship of William=s estate, asserting that she was William=s common-law wife.  After a trial, the probate court determined
that William and appellee were not married.

Wleczyk
moved for a new trial, claiming new evidence had been discovered.  The motion was granted, and in the second
trial, a jury found William and Wleczyk were common-law married, and that
Wleczyk was William=s surviving spouse. 
This appeal ensued.

In one
issue, Woodard claims the evidence is legally and factually insufficient to
support the jury=s verdict.

II. 
Discussion

A.        Preservation of Error








In order
to preserve a complaint for appellate review, a party must make a timely
request, motion, or objection, stating the specific grounds therefor, and
obtain a ruling from the trial court.  Tex. R. App. P. 33.1(a); Wal-Mart
Stores, Inc. v. McKenzie, 997 S.W.2d 278, 280 (Tex. 1999).  A party=s legal sufficiency complaint may be
preserved through (1) a motion for instructed verdict, (2) an objection to the
submission of the issue to the jury, (3) a motion to disregard a jury=s answer to a vital fact issue, (4) a
motion for judgment notwithstanding the verdict, or (5) a motion for new
trial.  Cecil v. Smith, 804 S.W.2d
509, 510B11 (Tex. 1991); City of Houston v.
Precast Structures, Inc., 60 S.W.3d 331, 335 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  A factual sufficiency complaint
may only be preserved through a motion for new trial.  Tex.
R. Civ. P. 324(b)(2); see Garza v. Garcia, 137 S.W.3d 36,
38 (Tex. 2004).  The record does not
indicate appellant took the actions necessary to preserve his complaint.  

Appellant
did not move for an instructed verdict and did not object to any portion of the
jury charge.[1]  Although appellant did request that the jury
be polled after returning its verdict, he failed to move for a judgment
notwithstanding that verdict.  In
addition, appellant did not move for a new trial.  Therefore, appellant failed to bring his
complaint before the trial court and obtain a ruling as required by the Rules
of Appellate Procedure.  Tex. R. App. P. 33.1(a).  We conclude appellant has failed to preserve
his complaint for our review.  Cecil,
804 S.W.2d at 510B11; Garza, 137 S.W.3d at 38.

Even
assuming appellant had preserved error, the evidence is legally and factually
sufficient to support the jury=s verdict.  When
considering a legal sufficiency challenge, we view the evidence in the light
most favorable to the finding of the disputed fact, disregarding all evidence
and inferences to the contrary.  Kerr‑McGee
Corp. v. Helton, 133 S.W.3d 245, 254 (Tex. 2004).  A legal sufficiency challenge must fail if
more than a scintilla of evidence exists to support the challenged finding.  Wal‑Mart Stores, Inc. v. Canchola,
121 S.W.3d 735, 739 (Tex. 2003). 
Evidence is more than a scintilla if it furnishes some reasonable basis
for differing conclusions by reasonable minds about the existence of a vital
fact.  Lee Lewis Constr., Inc. v.
Harrison, 70 S.W.3d 778, 782B83 (Tex. 2001).








In
reviewing a factual sufficiency challenge, we consider all of the evidence, not
merely that supporting the verdict.  Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 406B07 (Tex. 1998).  We will set aside the verdict only if it is
so contrary to the overwhelming weight of evidence that it is clearly wrong and
unjust.  Id. at 407.  A reviewing court may not, however, assess
the credibility of witnesses or substitute its judgment for that of the jury,
even if the evidence clearly supports a different result.  Id.

To
establish a Texas common-law marriage, a party must prove (1) an agreement to
be married, (2) cohabitation in Texas, and (3) representations to others that
the couple is married.  Tex. Fam. Code Ann. ' 2.401(a)(2) (Vernon 2003); Mills
v. Mest, 94 S.W.3d 72, 73 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  A common‑law marriage
exists when all three elements simultaneously occur.  Winfield v. Renfro, 821 S.W.2d 640,
645 (Tex. App.CHouston [1 Dist.] 1991, pet.
denied).  Additionally, the agreement to
be married may be proved by circumstantial evidence.  Mills, 94 S.W.3d at 74.

Here,
the evidence supports all three elements. 
Wleczyk testified that in the fall of 2000, she and William decided to
move in together.  She stated that soon
thereafter, the two agreed to Alive together as a marriage, . . . in a marriage-type
commitment.@[2]  
When William applied for membership to the Lion=s Club of Brazoria, he listed Wleczyk
as his spouse on the application.  Terry
Brown, a member of the Lion=s Club, testified William introduced Wlecyzk as his wife to a
large group of people at the Lion=s Club Christmas party.  This introduction, coupled with the fact that
the parties resided at the same address, constitutes circumstantial evidence of
an agreement to be married.  Viewing this
evidence in the light most favorable to the jury=s finding that a common-law marriage
existed, it is more than a scintilla and, thus, is legally sufficient to
support the jury=s verdict.  Wal‑Mart,
121 S.W.3d at 739.

Reviewing
the evidence for factual sufficiency, we conclude the jury=s finding is not so against the great
weight and preponderance of the evidence as to be clearly wrong and
unjust.  While there may have been
conflicting evidence as to the first and third elements, it is the function of
the jury, not this Court, to resolve evidentiary conflicts.  See McGalliard 








v. Kuhlmann, 722 S.W.2d 694, 697 (Tex.
1986).  Accordingly, appellant=s sufficiency challenges are
overruled, and we affirm the judgment of the trial court.

 

/s/        Eva M.
Guzman

Justice

 

Judgment rendered and Memorandum
Opinion filed February 15, 2005.

Panel consists of Justices Yates,
Edelman, and Guzman. 

 

 











[1]  When asked by
the trial court, both parties responded that they had no objections to the jury
charge.





[2]  It is
undisputed that William and Wleczyk lived at the same address.