**Affirmed and Memorandum Opinion filed July 15, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00666-CV

### DEANA KAY COLLIER GREENFIELD, Appellant

### V.

### ROBERT RAY GREENFIELD, RUSSEL CLARIS GREENFIELD, LEE ANN HEISTAND, PATRICIA GREENFIELD, AND GILBERT ANTHONY QUINTANILLA, Appellees

**On Appeal from the 418th District Court
Montgomery County, Texas
Trial Court Cause No. 12-05-05875 CV**

## M E M O R A N D U M   O P I N I O N

In this declaratory-judgment action, the appellant contends that the trial court erred in granting judgment notwithstanding the verdict after a jury found that she and her late husband had an informal marriage for nineteen years before their ceremonial marriage. Because we conclude there is legally insufficient evidence that the couple held themselves out as married before they wed in a formal

ceremony, we affirm.

## I. Factual and Procedural Background

Deana Kay Collier Greenfield ("Kay") and Claris Russell Greenfield Jr. ("Russ") were formally married on January 4, 2008, and he died two years later.[1] Kay instituted probate proceedings in a county court at law, but a dispute arose about whether she and Russ had an informal marriage before their ceremonial marriage. She filed a petition for declaratory judgment to resolve the question about the date of her marriage, and the declaratory-judgment action was severed into a separate proceeding before a district court. That case was tried before a jury, which found that Kay and Russ were married in 1989. Appellees Robert Ray Greenfield ("Bob"), Russel Claris Greenfield ("Russel"), Lee Ann Heistand, and Patricia Greenfield ("Pat") (collectively, "the Greenfield appellees") moved for judgment notwithstanding the verdict ("JNOV").[2] The trial court granted the motion and rendered judgment that Kay and Russ were not married before January 4, 2008. In the sole issue presented on appeal, Kay contends that the trial court erred in granting the JNOV.

## II. Analysis

In the absence of some impediment to marriage, an informal marriage exists if a "man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." TEX. FAM. CODE ANN. § 2.401(a)(2) (West 2006). An informal marriage does not begin until all three elements—agreement, cohabitation, and

---

[1] When more than one party or witness has the same surname, we refer to each by the version of that individual's given name used at trial.

[2] Gilbert Anthony Quintanilla, the remaining appellee, did not join in the motion and did not file a brief in this appeal.

representation—are present. *Winfield v. Renfro*, 821 S.W.2d 640, 645 (Tex. App.—Houston [1st Dist.] 1991, writ denied). The trial court granted the JNOV on the grounds that "there is insufficient evidence" that before January 4, 2008, Kay and Russ (a) agreed to be married, and (b) "represented to others as married." If evidence of either element is lacking, we must affirm the judgment.

We review a judgment notwithstanding the verdict for legal sufficiency of the evidence supporting the jury's findings. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). We "'credit evidence favoring the jury verdict if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.'" *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009) (quoting *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007)). If more than a scintilla of competent evidence supports the jury's finding, then we will uphold the verdict rather than the JNOV. *Id.* "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller*, 168 S.W.3d at 827.

## A. The trial court did not evaluate the evidence by the wrong standard.

Kay contends that the JNOV must be reversed because the trial court stated that there was "insufficient evidence" of two of the elements of informal marriage, not that there was "no evidence." We understand Kay to argue that the trial court's use of the phrase "insufficient evidence" indicates that when determining whether to grant the JNOV, the trial court failed to use the no-evidence standard that properly applies. *See Tanner*, 289 S.W.3d at 830 ("We review a JNOV under a no-evidence standard . . . ."). We disagree.

We construe judgments as a whole, and in doing so, we may consider the record as well as the language of the judgment. *Point Lookout W., Inc. v. Whorton*,

3

742 S.W.2d 277, 278 (Tex. 1987) (per curiam). In their motion for JNOV, the Greenfield appellees argued that there was "no evidence sufficient" to prove the elements of an informal marriage. They further clarified that "no evidence" does not mean "literally no evidence whatsoever; but rather that the evidence [Kay] offered is *legally insufficient* to establish" the challenged elements.

The terms "no evidence" and "legally insufficient evidence" are used interchangeably. *See, e.g.*, *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 115 (Tex. 2013) (per curiam) ("Because there is no evidence [of proximate cause], the evidence is legally insufficient to support the finding . . . ."); *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 620 (Tex. 2004) ("[N]o evidence is sometimes referred to as being legally insufficient . . . ."). In stating that there was "insufficient evidence" of two elements necessary to establish the existence of an informal marriage, we understand the trial court to mean that the evidence was legally insufficient, which is the same as no evidence. *Cf. Commercial Union Assurance Co. v. Foster*, 379 S.W.2d 320, 323 (Tex. 1964) (explaining that where a plaintiff used the terms "no evidence" and "insufficient evidence" in briefing the same point of error, the court construed "insufficient evidence" to mean "legally insufficient evidence"). We apply the same standard on review.

**B.     The trial court's denial of the Greenfield appellees' summary-judgment motion does not preclude judgment notwithstanding the verdict.**

Kay also points out that before the case was tried before a jury, the trial court denied the Greenfield appellees' motion for final summary judgment. She argues that the trial court erred in granting the JNOV because the denial of the summary-judgment motion established that there is legally sufficient evidence of each element of an informal marriage. We disagree.

Where a case is subsequently tried on the merits, it cannot fairly be said that

4

an earlier interlocutory ruling denying the defendants' summary-judgment motion "established" the legal sufficiency of the evidence supporting the plaintiff's claim. *See Ackermann v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966) (addressing some of the reasons for the rule that such an interlocutory ruling is unreviewable after a conventional trial on the merits). We cannot say even that the summary-judgment ruling was or was not correct, because we do not have jurisdiction to review it. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007) ("Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal.").

On the other hand, we can review the trial court's ruling on the JNOV motion, and for the reasons set forth below, we find no error in that ruling.

**C.    There is legally insufficient evidence that before January 4, 2008, Kay and Russ represented to others in Texas that they were married.**

To satisfy the statutory requirement of representing to others that they are married, the couple must represent in Texas that they are married. *Winfield*, 821 S.W.2d at 648. This "is synonymous with the judicial requirement of 'holding out to the public.'" *In re Estate of Giessel*, 734 S.W.2d 27, 30 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). "Holding out" may be established by the couple's conduct and actions. *Lee v. Lee*, 981 S.W.2d 903, 906 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

Viewing the evidence in the light most favorable to the jury's findings, we conclude that it is legally insufficient to establish that Russ and Kay represented themselves in Texas as a married couple. There is no evidence that at any time during the alleged informal marriage, Russ and Kay ever identified themselves—orally or in any document—as married, or made such a representation by their conduct. For example, there is no evidence that they ever used the same last name,

5

had a joint account, commingled assets, shared debts, wore wedding rings, or had a reputation in the community as married.[3] The evidence instead shows only that the couple who lived next door and one of Russ's employees assumed that they were married.

According to the evidence presented at trial, Kay and Russ met around 1983, and Russ moved into Kay's house in 1989. Kellie and Chuck Mazzilli bought the house next door and after remodeling it, began living there in 1989 or the early 1990's. Kellie testified that the question of whether Russ and Kay were married never came up. She thought of them as a couple, but she never heard anyone refer

---

[3] *Cf. Claveria's Estate v. Claveria*, 615 S.W.2d 164, 167 (Tex. 1981) (evidence was legally sufficient where husband previously testified that he was married; both parties signed documents in connection with their purchase of a house identifying them as married; and the documents were notarized and filed in the public records); *Bailey v. Thompson*, No. 14-11-00499-CV, 2012 WL 4883219, at *10–12 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, no pet.) (mem. op.) (evidence of representation was legally sufficient where the couple introduced themselves as married; wore wedding rings; identified husband in writing as related to wife's children; had a joint account with rights of survivorship; husband transferred personal balances to wife's credit card; husband referred to himself as the stepfather of wife's daughter; husband did not correct the daughter when she introduced him as her stepfather; husband did not object when wife's mother sent him a card referring to him as "son-in-law"; and husband's son identified the couple as married); *Riley v. Riley*, No. 14-11-00346-CV, 2012 WL 2550957, at *3 (Tex. App.—Houston [14th Dist.] July 3, 2012, no pet.) (mem. op.) (evidence was legally sufficient where husband attested that the parties publicly referred to each other as husband and wife; she wore her wedding ring for many years; they had a joint checking account; they "bought houses together as husband and wife"; and they commingled cash and assets); *In re Estate of Collier*, No. 09-10-00263-CV, 2011 WL 2420989, at *4 (Tex. App.—Beaumont June 16, 2011, no pet.) (mem. op.) (evidence of representation was legally sufficient where wife presented evidence that husband referred to her as his wife, gave her plaques addressed "to my wife," and included her as his beneficiary on employee-benefits plans); *Barbee v. Barbee*, No. 12-09-00151-CV, 2010 WL 4132766, at *3–4 (Tex. App.—Tyler Oct. 20, 2010, no pet.) (mem. op.) (evidence of representation was legally sufficient where wife represented to others in husband's presence that they were married and he did not deny it; wife signed a notarized statement during the informal marriage identifying herself as his wife; couple had joint checking account; after husband was in an accident, wife received settlement of her claims based on her status as his wife; and husband saw other women only at out-of-town locations); *Hart v. Webster*, No. 03-05-00282-CV, 2006 WL 1707975, at *3 (Tex. App.—Austin June 23, 2006, no pet.) (mem. op.) (evidence of representation was legally sufficient where it was undisputed that the couple exchanged wedding rings, filed joint tax returns, and consistently referred to each other as husband and wife).

to them as married until after their ceremonial marriage in 2008. Chuck testified that he assumed Russ and Kay were married, but they never were introduced to him as a married couple nor did he hear anyone say that they were husband and wife. Gilbert Anthony Quintanilla, Russ's employee for about twenty-eight years, testified that he assumed Russ and Kay were married, although neither of them said so. To the contrary, Quintanilla testified that Russ introduced Kay as his girlfriend.

Kay argues that the evidence in this case closely parallels the evidence found to be legally sufficient in *In re Estate of Giessel*. We disagree. In that case the evidence of "holding out" included evidence that the man referred to the woman as his wife; both parties referred to each other as married; people referred to the couple as "Mr. and Mrs. Giessel"; neither party corrected the appellation; and the wife helped pay the debts of the husband's parents after their death. *Giessel*, 734 S.W.2d at 28–30. No such evidence is present here.

The evidence in this case most closely resembles that of *Mills v. Mest*, 94 S.W.3d 72 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). In *Mills*, as here, the couple began living together many years before they were ceremonially married. *Id.* at 73. There was no evidence that the man ever introduced the woman as his wife, although—unlike here—one witness recalled the woman introducing the man as her husband. *Id.* at 74. As in this case, it was argued in *Mills* that circumstantial evidence established that the representation requirement was met because "several friends and neighbors testified they considered the two to be married because they lived together and held hands, showed affection, . . . 'did everything together' . . . [and] took care of each other during sicknesses." *Id.*. We rejected that argument.

As we explained in *Mills*, a couple can represent by their conduct that they

7

are married, but "inherent in the concept [of "holding out"] is behavior intended as a communication to third parties, not just intimate behavior in general." *Id.* at 75. The expression of affection and companionship is not unique to marriage, but is equally consistent with courtship or a close non-marriage relationship. *Id.* Because expressing affection, sharing activities, and caring for one another in illness are not the kinds of conduct that are "intended as a communication to third parties," we concluded that the evidence was legally insufficient to support a finding that the couple represented that they were married. *See id.* The same is true here.

Having concluded that the evidence is legally insufficient to support the jury's finding that Russ and Kay were informally married in 1989, it is unnecessary for us to determine whether the evidence supports the existence of an agreement to be married.

### III. CONCLUSION

Because there is legally insufficient evidence that Kay and Russ represented that they were married before January 4, 2008, we overrule the sole issue presented for review and affirm the trial court's judgment notwithstanding the verdict.

/s/    Tracy Christopher
       Justice

Panel consists of Justices Christopher, Jamison, and McCally.