**Opinion filed April 12, 2018**



# In The

# Eleventh Court of Appeals

_____

## No. 11-16-00051-CV

_____

## IN THE MATTER OF THE ESTATE
## OF KEVIN EUELL SNEED, DECEASED

---

**On Appeal from the County Court at Law No. 2**
**Taylor County, Texas**
**Trial Court Cause No. 27777**

---

## MEMORANDUM OPINION

This is an appeal of a judgment in an heirship proceeding. In a bench trial, the trial court determined that Kevin Sneed and Dana Dossey were common law married at the time of Sneed's death. Appellant, Sneed's mother, raises two issues for our review: first, that the evidence was legally and factually insufficient to support the trial court's implicit finding that Sneed and Dossey agreed to be married; and second, that the evidence was legally and factually insufficient to support the trial court's implicit finding that Sneed and Dossey represented to others that they were married. We reverse and remand.

In Texas, the three elements of a common law marriage are (1) an agreement to be married; (2) after the agreement, the couple lived together as husband and wife; and (3) the couple represented to others that they were married. TEX. FAM. CODE ANN. § 2.401(a) (West 2006); *Russell v. Russell*, 865 S.W.2d 929, 932 (Tex. 1993). Each of the elements may be proved by either direct or circumstantial evidence. *Russell*, 865 S.W.2d at 933. However, a common law marriage does not exist until the concurrence of all three elements. *Eris v. Phares*, 39 S.W.3d 708, 713 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

When we consider a legal sufficiency challenge, we review all the evidence in the light most favorable to the trial court's judgment and indulge every reasonable inference in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We credit any favorable evidence if a reasonable factfinder could; we disregard any contrary evidence unless a reasonable factfinder could not. *Id.* at 827. We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the trial court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Id.* at 810.

When we review a factual sufficiency challenge, we consider all the evidence and uphold the finding unless it is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). But factfinders "are the sole judges of the credibility of the witnesses and the weight to give their testimony. They may choose to believe one witness and disbelieve another." *City of Keller*, 168 S.W.3d at 819 (footnote omitted). If the evidence at trial would enable reasonable and fair-minded people to differ in their

conclusions, we do not substitute our judgment, so long as the evidence falls within the zone of reasonable disagreement. *Id.* at 822.

In her second issue, Appellant argues that Dossey did not prove that she and Sneed represented to others that they were husband and wife. We consider Appellant's second issue first, because "convincing" evidence of holding out can constitute circumstantial evidence of an agreement to marry. *See Russell*, 865 S.W.2d at 932.

"The statutory requirement of 'represented to others' is synonymous with the judicial requirement of 'holding out to the public.'" *In re Estate of Giessel*, 734 S.W.2d 27, 30 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (citing *Estate of Claveria v. Claveria*, 615 S.W.2d 164, 166 (Tex. 1981)). Spoken words are not necessary to establish representation as husband and wife; "holding out" may be established by the conduct and actions of the parties. *Small v. McMaster*, 352 S.W.3d 280, 284–85 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *Winfield v. Renfro*, 821 S.W.2d 640, 648 (Tex. App.—Houston [1st Dist.] 1991, writ denied). "Whether the evidence is sufficient to establish that a couple held themselves out as husband and wife turns on whether the couple had a reputation in the community for being married." *Small*, 352 S.W.3d at 285. Therefore, isolated introductions as husband and wife are not sufficient to establish the element of holding out. *Ex parte Threet*, 333 S.W.2d 361, 364 (Tex. 1960); *Eris*, 39 S.W.3d at 715. "Proving a reputation for being married requires evidence that the couple 'consistently conducted themselves as husband and wife in the public eye or that the community viewed them as married.'" *Small*, 352 S.W.3d at 285 (quoting *Danna v. Danna*, 2006 WL 785261, at *2 (Tex. App.—Dallas March 29, 2006, no pet.) (mem. op.).

Appellant contends that there is no evidence that Dossey and Sneed held themselves out to be husband and wife.

Dossey and Sneed filed joint tax returns that were signed by Sneed, as the taxpayer, and Dana, as the spouse. This included an amended tax return for 2009, which stated, "Taxpayer is amending his 2009 tax return to file a joint return with his common law wife." Their tax preparer testified that he believed that the filings represented the reality of their marital status. This presents more than a scintilla of evidence to support the trial court's implicit finding that Sneed and Dossey held themselves out as married, at least to their tax preparer and the IRS. On this evidence and the inferences we draw from it, we overrule Appellant's legal sufficiency challenge in her second issue.

Next, Appellant argues that the evidence is factually insufficient to show that Dossey and Sneed represented to others that they were husband and wife. Under this challenge, we must consider all the evidence.

Appellant points to the following evidence to challenge the element of holding out. Sneed's brother testified that he never heard Dossey make statements that she and Sneed were married. Once, Sneed's brother suggested that Sneed marry Dossey, and Sneed "objected strenuously." Dossey testified that she never told Sneed's brother or sister that she and Sneed were married. Although Sneed's mother knew that Dossey and Sneed lived together, they never told her that they were married. Sneed's mother did not hear anything about the couple being married, even when she visited them in Abilene. Dossey agreed that Sneed had told her "in essence not to tell his family about [their marriage]." Stacey McChesney, a friend of Sneed and Dossey and wife of Sneed's coworker, also testified that she never heard Sneed or Dossey claim to be married to one another. Dossey named only five people in the community to whom Sneed introduced her as "his wife," and only one of those

4

people—their tax preparer—testified at the trial. Sneed designated Dossey as the beneficiary on his life insurance policy, but when he did so, he left the "relationship" box blank. Finally, the deed to a farm that Dossey claims she and Sneed purchased while they were married listed the grantee as "Sneed, a single man." The loan for this farm was also taken out only in Sneed's name.

Dossey responds that the following evidence supports the trial court's findings. Dossey and Sneed filed joint tax returns, and their tax preparer believed these filings were based on the reality of their marital status. McChesney testified that Sneed and Dossey had a reputation for being "common-law married" because they lived together and "were together all the time." During negotiations for a pickup that Dossey and Sneed purchased together, an employee at Star Dodge initially wrote Dossey's name as "Dana Sneed," before crossing it out and writing "Dana Dossey." Dossey and Sneed maintained joint bank accounts, commingled assets, and purchased property together. They shared a home and responsibilities for maintaining their home. When Sneed fell ill, Dossey acted as his caregiver, and she made medical decisions on his behalf in the ICU. Finally, Dossey continued to act as Sneed's wife even after Sneed died; Dossey sat in the front row at Sneed's funeral, and referred to herself as "his wife" in the obituary that she wrote to be published in an Abilene newspaper.

Dossey relies heavily on Dossey and Sneed's tax returns as evidence of holding out. Even though the joint tax returns were filed under penalty of perjury, they alone are not prima facie evidence of holding out; rather, they merely go to the weight of the evidence to be considered. *See Giessel*, 734 S.W.2d at 31. Moreover, the joint tax returns are directly countered by the deed to the farm, which names the grantee as "Sneed, a single man," and which was signed by the grantor before a

5

notary. *See* TEX. PENAL CODE ANN. § 32.32(b) (West 2016) (providing that it is an offense to obtain property or credit by making a false statement).

Dossey contends that McChesney's testimony is direct evidence that Dossey and Sneed had a reputation for being married. However, a review of McChesney's testimony reveals only that Dossey and Sneed were a couple that cohabited. McChesney never testified that she considered Dossey and Sneed to be married; she exclusively referred to them as being "*common-law* married" (emphasis added). Significantly, McChesney never heard Dossey or Sneed refer to themselves as married. She explained that couples are common law married if they "do things together[,] . . . are together all the time, live in the same house for years and years." Thus, McChesney's testimony proves only that Dossey and Sneed were an affectionate, cohabiting couple. Cohabitation is but one element of a common law marriage. "Representations may be shown by conduct rather than spoken words. But inherent in the concept is behavior intended as a communication to third parties, not just intimate behavior in general." *Mills v. Mest*, 94 S.W.3d 72, 75 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

For similar reasons, courts have rejected caretaking behavior as evidence of holding out. *Id.* Such evidence suggests a close relationship, but not necessarily a marital relationship. *Greenfield v. Greenfield*, 2014 WL 3512843, at *4 (Tex. App.—Houston [14th Dist.] July 15, 2014, no pet.) (mem. op.) (citing *Mills*, 94 S.W.3d at 74).

This leaves only Dossey's uncorroborated testimony that Sneed introduced her as "his wife" to "Robert Rushford, his wife, [and] their daughter"; Patterson's testimony that Sneed represented to him that Sneed and Dossey were married, and his belief that this was an actual reflection of their marital status; and circumstantial evidence that an employee at Star Dodge first wrote Dossey's last name as "Sneed"

6

before correcting the document to read, "Dossey." Still, isolated references as husband and wife, without more, are no evidence of "holding out." *Lee v. Lee*, 981 S.W.2d 903, 907 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (citing *Ex parte Threet*, 333 S.W.2d at 364–65); *see Winfield*, 821 S.W.2d at 650 ("A common-law marriage is more than a contract; it is a public status.").

Finally, proof must be made that both parties represented themselves as married. *Small*, 352 S.W.3d at 285. Therefore, Dossey's actions after Sneed's death are not probative of whether she and Sneed both represented themselves as a married couple.

Dossey produced only a single witness, her tax preparer, to directly testify that she and Sneed held themselves out as a married couple. She produced no evidence that they had a reputation in the community for being married. *See Small*, 352 S.W.2d at 285. In contrast, Dossey never exchanged wedding rings with Sneed. As discussed above, during the time that Dossey claims they agreed to be married, Sneed purchased farm property, which was titled to "Sneed, a single man." Also during this time, Sneed completed a life insurance beneficiary form, on which he designated Dossey as his beneficiary but left the "relationship" line blank rather than identify Dossey as his wife. Neither Sneed nor Dossey told Appellant, Sneed's brother, or Sneed's sister that they were married. When Appellant visited the couple in Abilene, she never heard anything about them being married. Dossey agreed that Sneed had told her "in essence not to tell his family about [their marriage]."

In *Giessel*, the court of appeals affirmed a common law marriage, even though the couple had not informed their families of their marriage. 734 S.W.2d at 30–31. The present case is void of the overwhelming reputation evidence that was present in *Giessel*. If other evidence were present in this case to show holding out, Dossey and Sneed's failure to inform Sneed's family, persons who would normally know

7

whether the couple was holding themselves out as married, would be less significant. *Cf. id.* at 29–30 (recounting testimony from numerous witnesses in the couple's community that understood the couple to be "husband," "wife," and "a married couple").

Reviewing all the evidence, we conclude that the record reveals a marriage, if any, that was largely secret, which a common law marriage cannot be. *See Winfield*, 821 S.W.2d at 650. Therefore, we sustain Appellant's factual sufficiency challenge in her second issue.

In her first issue, Appellant contends that the evidence is legally and factually insufficient to show that Dossey and Sneed agreed to be married. "To establish an agreement to be married, 'the evidence must show that the parties intended to have a present, immediate, and permanent marital relationship and that they did in fact agree to be husband and wife.'" *Small*, 352 S.W.3d at 283 (quoting *Eris*, 39 S.W.3d at 714). A proponent may establish an agreement to be married by direct or circumstantial evidence. *Russell*, 865 S.W.2d at 933. Cohabitation is circumstantial evidence of an agreement to marry, but only "convincing" evidence of holding out is circumstantial evidence of such an agreement. *Assoun v. Gustafson*, 493 S.W.3d 156, 160 (Tex. App.—Dallas 2016, pet. denied) (citing *Russell*, 865 S.W.2d at 932).

Appellant asserts that there is no evidence that Dossey and Sneed had an agreement to be married. However, Dossey affirmatively answered the question, "Did you and Kevin agree to be married?" This testimony is more than a scintilla that she and Sneed agreed to be married. *Eris*, 39 S.W.3d at 714 (citing *Collora v. Navarro*, 574 S.W.2d 65, 70 (Tex. 1978) (holding that direct testimony by surviving spouse of an agreement to be married was sufficient to raise the issue of an agreement)). Therefore, the evidence is legally sufficient that the couple agreed to be married, and we overrule Appellant's legal sufficiency challenge in her first issue.

8

Appellant also challenges the factual sufficiency of the evidence to support a finding that Dossey and Sneed agreed to be married. Again, under this challenge, we must consider all the evidence.

To support the finding that she and Sneed agreed to be married, Dossey answered, "Yes," when asked whether she and Sneed "agree[d]" to be married. In 2009, Sneed filed an amended tax return to include his "common-law wife," Dossey. Thereafter, Sneed and Dossey filed joint tax returns, which Dossey signed as "spouse."

To oppose the finding that Dossey and Sneed agreed to be married, Appellant asks us to consider that Dossey could not remember a date, place, or any circumstances of her and Sneed's agreement, except that it occurred sometime in 2008. Pressed further on the topic of an agreement, Dossey explained that, in 2008, she and Sneed began to look for farm property after they agreed to "retir[e] together" in the future. Although Dossey and Sneed celebrated an anniversary, they celebrated the date that they met; their anniversary was not the date that they married. Appellant also notes the lack of circumstantial evidence of holding out.

Relative to only direct evidence of jointly filed tax returns and circumstantial evidence of cohabitation, the great weight and preponderance of the evidence shows that Sneed did not agree to marry Dossey. As explained above, the record is devoid of "convincing" evidence that Dossey and Sneed held out as a married couple. *See Russell*, 865 S.W.2d at 932; *Winfield*, 821 S.W.2d at 650–51. Although Dossey testified that she and Sneed "agreed to be married," her own testimony reveals that they actually agreed only to retire together in the future; this does not constitute a "present" or "immediate" agreement to be married. *See Winfield*, 821 S.W.2d at 645. Considering the totality of this evidence, we hold that the evidence is factually

insufficient to support a finding of an agreement to be married. Therefore, we sustain Appellant's factual sufficiency challenge in her first issue.

We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


April 12, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.