Opinion issued August 30, 2018



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00138-CV

———————————

**BRIAN LANG TRAN, Appellant**

**V.**

**MANDY QUYNH NGO, Appellee**

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-28264**

---

## MEMORANDUM OPINION

Brian Lang Tran filed for divorce from Mandy Quynh Ngo, alleging a common-law marriage. Ngo filed for summary judgment, arguing they had not been married. The trial court granted the motion. In two issues on appeal, Tran argues the trial court erred by granting the motion.

We reverse and remand.

## Background

Tran and Ngo were formally married in 2000. The parties filed for divorce, and the divorce was finalized on August 15, 2005. The parties agree that, after the divorce, they operated a chiropractic clinic together. They agree that they continued to live together until at least some time in 2006. The parties also agree that they continued some sort of relationship with each other, with a child born in 2006 and another born in 2007.

The parties also agree that their relationship changed in 2012.[1] Tran alleges that he moved out and that he and Ngo moved back in together in late 2013 and that their relationship continued until late 2014.

Tran filed for divorce in May 2015. Ngo filed a traditional motion for summary judgment, arguing that the evidence established as a matter of law that there was no agreement to be married, that they did not live together during the time period in question, and that they did not hold themselves out as married during that time.

For proof that there was no agreement, Ngo points to affidavits they signed in 2013 representing that they were not married, were not living together, and had not

---

[1] Ngo alleges that their romantic relationship ended. Tran alleges that they separated and agreed to date other people.

2

represented to others that they were married. She also points to her deposition, where she denied that they lived together, and to Tran's deposition. The excerpts from Tran's deposition focus on Tran's difficulty specifying the exact date that they agreed to be married and on his acknowledgement that he had represented he was single in certain documents. For example, Tran acknowledged that he had filed a bankruptcy petition in October 2005 representing under oath that he was divorced and not currently married.

For proof that they were not living together, Ngo points to Tran's tax filings from 2007 to 2014, identifying a different address than where Ngo lived. She also points to Tran's voter registration and driver's license, which also showed a different address from Ngo. For proof that they did not hold themselves out as married, Ngo points to the same documents that showed separate addresses for the two of them and that identified them as not married or living together.

Tran responded to the motion. He attached to the response his affidavit, the declaration of twelve other people, and cards from Ngo. He also incorporated by reference his deposition, attached to Ngo's motion. In his affidavit, Tran averred that, while he and Tran were formally married, he encountered financial trouble. He asserts that, to protect Ngo from the creditors, they agreed to divorce. He also asserts that, after they divorced, they agreed to be married to each other but to keep that a secret from his creditors. To that end, according to Tran, the two of them identified

3

themselves as not married and as living at different addresses in formal documents. But to their friends, family and associates, Tran averred, they presented themselves as married.

Tran asserted in his affidavit that the two continued to live together even after their first divorce. He claimed that he lived with Ngo at the addresses identified as her formal address. They had two children together and shared expenses.

Tran's deposition expresses the same ideas. He testified that he covered up his marriage to Ngo in formal documents to protect his family from creditors. But he asserted that the two of them continued to live together and that they were referred to as husband and wife by their friends.

Tran's declarations are from various friends and associates. The declarants describe knowing Tran and Ngo, hearing them refer to each other as husband and wife, and believing them to be married. Many of them assert seeing the two living together. One of the declarations is from the landscaper at the house that he identified as Tran and Ngo's joint residence. Another is from the nanny that cared for Tran and Ngo's children. The nanny identified Tran and Ngo living together and referred to Tran and Ngo as each other's spouse.

Tran also attached a number of cards and letters Ngo wrote to him. One of them, dated January 29, 2010, says, "Happy anniversary to my husband" on the

4

cover.  On the inside of the card, Ngo expressed her love to Tran and wrote, "Thank you for being the husband that you thrive to be for me."

Ngo acknowledged the authenticity of this card.  She also acknowledged that she sometimes wore her wedding band after she and Tran were divorced.  Ngo likewise conceded that she received professional awards jointly with her husband, and that some presenters referred to her and Tran as husband and wife when dispensing these awards and she did not try to correct them.  As late as 2014, the auto-insurance policy purchased by Ngo reflected that she and Tran were married.

The trial court granted Ngo's summary judgment.  Later, the trial court severed that ruling from the suit affecting parent-child relationship.  Tran appealed.

## Standard of Review

The summary-judgment movant must conclusively establish its right to judgment as a matter of law.  *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).  Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo.  *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a traditional summary-judgment motion asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law.  *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004).  A matter

5

is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

A party moving for traditional summary judgment on a claim for which it does not bear the burden of proof must either disprove at least one element of the plaintiff's cause of action or plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *See Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). If the movant meets its burden, the burden then shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

To determine whether there is a fact issue in a motion for summary judgment, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller,* 168 S.W.3d at 827). We indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

**Evidentiary Objections**

Before we turn to Tran's challenge to the trial court's summary-judgment ruling, we address Tran's contention that Ngo waived her objections to Tran's summary-judgment evidence. Ngo made two kinds of objections to Tran's summary-judgment evidence. First, she contended that Tran sought to create a "sham" fact issue on summary judgment by contradicting without adequate explanation his own earlier affidavit and representations under oath denying any informal marriage to Ngo. Second, she objected to the other witness declarations that Tran proffered, arguing they were conclusory. The trial court did not formally rule on these objections. Ngo argues on appeal that the trial court implicitly ruled on the objections. *See Ordonez v. Solorio*, 480 S.W.3d 56, 63 (Tex. App.—El Paso 2015, no pet.) (holding implicit ruling on objections apply when something other than mere granting of motion for summary supports implicit ruling).

For the sham affidavit objection, we do not need to decide whether the trial court implicitly sustained Ngo's sham-affidavit objection because, even if it did so, other summary-judgment evidence—as discussed below—creates genuine issues of material fact that must be resolved by a factfinder.

For the objections to the declarations, the absence of a ruling on Ngo's objection that these declarations are conclusory does not waive the argument, because a party may challenge the substance of an opposing party's summary-

judgment evidence as conclusory for the first time on appeal. *See Seim v. Allstate Tex. Lloyds*, No. 17-0488, 2018 WL 3189568, at \*4 (Tex. June 29, 2018) (per curiam). Conclusory declarations are not competent summary-judgment proof. *See* TEX R. CIV. P. 166a(f); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) (affidavits consisting of conclusions do not raise genuine issue of material fact; facts must be stated with sufficient specificity to allow perjury to be assigned to false representations).

We thus turn to the summary-judgment evidence as to informal marriage, including Ngo's objection that some of this evidence is conclusory and therefore no evidence.

**Motion for Summary Judgment**

In his two issues on appeal, Tran argues the trial court erred by granting summary judgment, which found that the evidence established as a matter of law that there was no common-law marriage between him and Ngo. The elements for establishing a common-law marriage are (1) the parties agreed to be married, (2) after the agreement, the parties lived together as spouses, and (3) the parties presented themselves as married to others. TEX. FAM. CODE ANN. § 2.401(a)(2) (West 2006); *Eris v. Phares*, 39 S.W.3d 708, 713 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Tran bears the burden of proof at trial for establishing these

elements. *Small v. McMaster*, 352 S.W.3d 280, 282–83 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). Ngo moved for summary judgment on all three elements.

As an initial matter, Ngo argued to the trial court and on appeal that there was a rebuttable presumption that the parties were not married. When a party asserting a common-law marriage brings a petition for divorce over two years after the parties separated, "it is rebuttably presumed that the parties did not enter into an agreement to be married." FAM. § 2.401(b). Ngo did not establish as a matter of law that they separated over two years before Tran filed his petition for divorce.

Tran included a declaration from the nanny for his and Ngo's children. The nanny asserted that she started working as their nanny in July 2014, that Tran and Ngo lived together at that time, and that she understood Tran and Ngo to be married. Other people asserted in declarations that they went to the house that Tran and Ngo shared and spent time with them there together. Accordingly, there is a fact issue on when Tran and Ngo finally separated. *See Fielding*, 289 S.W.3d at 848 (holding motion for summary judgment is reviewed by viewing light most favorable to non-movant). Ngo is not entitled to this presumption, then. *See* FAM. § 2.401(b).

The first element for establishing a common-law marriage is the parties agreed to be married. FAM. § 2.401(a)(2). The evidence shows Tran and Ngo filed a joint tax return as a married couple in 2011. Though Ngo filed an amended return to alter this filing status, she did so only after Tran filed for divorce. Ngo gave Tran

9

anniversary cards in 2008 and 2010.  The printed text for both cards was addressed to "my husband."  In the 2010 card, Ngo handwrote a personal message to Tran thanking him for being her "husband."  She also continued to wear her wedding band on occasion.  This evidence is circumstantial, but an agreement to be married may be proved by circumstantial evidence.  *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993).  Ngo's references to Tran as her husband is "stronger evidence of an agreement than such a statement by the proponent" of an informal marriage.  *Id.* at 932 (internal quotations omitted).  This evidence is enough to raise a genuine issue of material fact as to whether Tran and Ngo agreed to be married.

Ngo also argues there is an ambiguity on which date the parties allegedly agreed to be married.  To establish a common-law marriage, Tran must show that, after the agreement was made, the parties lived together and held themselves out as married.  *See* FAM. § 2.401(a)(2); *Eris*, 39 S.W.3d at 713 ("A common-law marriage does not exist until the concurrence of all three elements.").  While Tran must establish a time period for the agreement to show that the other two elements followed the agreement, nothing in the law establishes that failing to prove a specific date or that proof of conflicting dates is fatal to this burden.  *See* FAM. § 2.401(a)(2); *Eris*, 39 S.W.3d at 713.

The second element for establishing a common-law marriage is, after they agreed to be married, the parties lived together as spouses.  FAM. § 2.401(a)(2).

10

According to Tran, they lived together up to 2012, separated in 2012, moved back in together in 2013, and separated again in 2014. *See Small*, 352 S.W.3d at 284 (holding living together does not have to be continuous). Multiple affidavits from people that knew both of them acknowledge Tran and Ngo lived together during this time period. These include affidavits from their landscaper, their nanny, and friends who came over to their house to play poker with Tran.

The parties acknowledge that, during the time period in which Tran alleges they were living together, Tran and Ngo had two children. Ngo gave Tran cards expressing a strong love for Tran. One of those cards, dated January 29, 2010, says, "Happy anniversary to my husband" on the cover. On the inside of the card, Ngo wrote, "Thank you for being the husband that you thrive to be for me." Tran testified in his affidavit that they paid bills out of each other's bank accounts and credit cards. This is more than a scintilla of proof that Tran and Ngo lived together as spouses after they agreed to be married.

To establish that they did not live together, Ngo points to documents in which Tran identified his residence being different from her address. The documents include his tax return filings, his voter registration, and his driver's license. This creates a fact issue, not conclusive proof that Tran and Ngo lived in separate residences. *See Sw. Elec. Power*, 73 S.W.3d at 215 (holding reviewing courts view

11

evidence in light most favorable to non-movant and resolve doubts in non-movant's favor).

The third element for establishing a common-law marriage is, after they agreed to be married, the parties represented to others that they were married. FAM. § 2.401(a)(2). This requirement "is synonymous with the judicial requirement of 'holding out to the public.'" *Lee v. Lee*, 981 S.W.2d 903, 906 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Proof of holding themselves out as married can be established by the conduct of the parties, their words, or both. *See Winfield v. Renfro*, 821 S.W.2d 640, 648 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (holding conduct of parties is relevant; acknowledging representations as spouses relevant to analysis but not required). This element can be satisfied with proof that the couple identified themselves as married to each other and "opinion and reputation testimony indicated that the couple's conduct was viewed as a representation that they were married." *Lee*, 981 S.W.2d at 906.

After 2005, Tran and Ngo received awards with their names engraved on them "as a husband and wife team." As late as 2014, Ngo held herself out as Tran's wife when buying insurance. *See Alonso v. Alvarez*, 409 S.W.3d 754, 757 (Tex. App.—San Antonio 2013, pet. denied) (representations made to healthcare provider, contractor, and in passport application were some evidence of informal marriage).

Tran also offered twelve declarations of people who knew the two of them and understood they were married. Ngo correctly points out that one of the declarations claims to have known them since before they were formally married. This declaration represents that they held themselves out as married but does not state whether these representations were before or after their divorce.

She is also correct that another is conclusory. It contains a statement that the witness "always thought of Brian and Mandy as husband and wife." This is no evidence. *See Mills v. Mest*, 94 S.W.3d 72, 75 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (testimony that couple "seemed like" they were married was subjective opinion lacking evidentiary value); *see also Nichols v. Lightle*, 153 S.W.3d 563, 570–71 (Tex. App.—Amarillo 2004, pet. denied) (affidavits paraphrasing informal-marriage statute and affidavit averring to holding out only in generic terms were conclusory).

Other witness statements were not conclusory, however. One witness, who has only known Tran and Ngo since 2014, represented that he "attended their wedding anniversary." Another stated that he "met Brian and Mandy as husband and wife" in 2010, that they "presented themselves as husband and wife," and that he saw them "living together." A third represented that he visited Tran and Ngo's home in 2013 or 2014, said they were "living together," and heard them refer "to each other as husband and wife." Similarly, a fourth witness testified that he

13

attended a party at their Bellaire Court home around 2009, saw them "living together," and heard Ngo refer to Tran "as her husband." These declarations span several years' time after the 2005 divorce and constitute some evidence that they represented to others that they were married. *See In re Estate of Giessel*, 734 S.W.2d 27, 31–32 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (evidence was sufficient to establish cohabitation and holding out notwithstanding substantial contrary evidence, including ostensible wife's filing of separate tax returns as single person).

Tran has presented more than a scintilla of evidence for each element for proving common-law marriage. Ngo has not disproved any of the elements as a matter of law. We sustain Tran's first issue.[2]

## Conclusion

We reverse the trial court's grant of summary judgment and remand for further proceedings.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.

---

[2] Because Tran's second issue is identical to his first, we do not need to independently rule on it. *See* TEX. R. APP. P. 47.1.

14